■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARK S. TORRA, Appellant. [594 NYS2d 419] —Yesawich Jr., J. Appeal from a judgment of the County Court of Schenectady County (Feldstein, J.), rendered March 21, 1991, convicting defendant upon his plea of guilty of the crimes of burglary in the second degree and criminal possession of stolen property in the fourth degree.

Defendant's guilty plea to burglary in the second degree and criminal possession of stolen property in the fourth degree was taken in full satisfaction of two indictments, one of which contained four counts, the top count being burglary in the second degree, a class C felony, and the second of which charged defendant with criminal possession of stolen property in the third degree, a class D felony. Defendant subsequently moved to withdraw his plea on the ground that he had been intoxicated at the time it was taken; after a hearing County Court denied the motion, and sentenced defendant to prison terms of 3 to 6 years for burglary and 1½ to 3 years on the criminal possession charge, to run consecutively. On appeal, defendant's principal points are that his right to testify before the Grand Jury with respect to the burglary indictment was violated and that County Court abused its discretion when it refused to allow defendant to withdraw his plea. We affirm the judgment of conviction.

With respect to defendant's claim that his right to testify before the Grand Jury was abridged, it is enough to note that his guilty plea waives any objection on this ground (see, *People v Ferrara*, 99 AD2d 257, 259).

And inasmuch as County Court did not abuse its discretion in refusing to allow withdrawal of the guilty plea, its decision in this regard cannot be faulted (see, CPL 220.60 [3]; *People v Franco*, 145 AD2d 837). At the plea proceeding, County Court made proper inquiry into defendant's understanding of the nature of the proceeding and the rights he was giving up, and if he had discussed the matter with his attorney. He was also asked specifically whether he had any mental problems or was addicted to alcohol or drugs, about his use of alcohol that day and whether he was under its influence at the time of the plea. There is no reason to disturb County Court's finding that the plea was entered voluntarily, knowingly and intelligently.

The conflicting evidence adduced at the discretionary hearing afforded defendant on his motion to withdraw the plea merely presented a question of credibility. Based on the record, it cannot be said that the court's decision to weigh defendant's behavior, observed at the time his plea was accepted, more heavily than that of the testimony of his girlfriend, received two weeks later at the discretionary hearing wherein she represented that defendant had consumed a substantial amount of beer and rum just prior to pleading guilty, was unreasonable (see, People v Thompson, 169 AD2d 463, lv denied 77 NY2d 967). Lastly, nothing in the various letters, submitted in support of defendant's request for special consideration, induces us to disagree with the decision reached by County Court and formally challenged herein by defendant.

Weiss, P. J., Mikoll, Crew III and Casey, JJ., concur. Ordered that the judgment is affirmed.