# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

1158

KA 11-02473

PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, SCONIERS, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                             MEMORANDUM AND ORDER

TIMOTHY DEWIEL, DEFENDANT-APPELLANT.

---

THOMAS J. EOANNOU, BUFFALO (JEREMY D. SCHWARTZ OF COUNSEL), FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (NICHOLAS T. TEXIDO OF COUNSEL), FOR RESPONDENT.

-------------------------------------------------------------------------------------------

Appeal from a judgment of the Erie County Court (Thomas P. Franczyk, J.), rendered September 15, 2011. The judgment convicted defendant, upon his plea of guilty, of attempted burglary in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed and the matter is remitted to Erie County Court for proceedings pursuant to CPL 460.50 (5).

Memorandum: On appeal from a judgment convicting him upon his plea of guilty of attempted burglary in the second degree (Penal Law §§ 110.00, 140.25 [2]), defendant contends that he was denied his rights pursuant to CPL 380.50 (2) (e) at sentencing. That contention is encompassed by defendant's valid waiver of the right to appeal (*see People v Collier*, 71 AD3d 909, 910, *lv denied* 15 NY3d 773; *see generally People v Lanzara*, 59 AD3d 936, 937, *lv denied* 12 NY3d 855). Also, defendant's contention is unpreserved for our review inasmuch as it is " 'addressed merely to the adequacy of the procedures [County Court] used to arrive at its sentencing determination,' " and defendant failed to raise it in a timely manner before the court (*People v Daniqua S.D.*, 92 AD3d 1226, 1227, quoting *People v Callahan*, 80 NY2d 273, 281).

Defendant's contention that he was denied effective assistance of counsel does not survive his plea or his valid waiver of the right to appeal because defendant "failed to demonstrate that 'the plea bargaining process was infected by [the] allegedly ineffective assistance or that defendant entered the plea because of his attorney['s] allegedly poor performance' " (*People v Wright*, 66 AD3d 1334, 1334, *lv denied* 13 NY3d 912; *see People v Rizek* [appeal No. 1], 64 AD3d 1180, 1180, *lv denied* 13 NY3d 862). In any event, defendant's contention lacks merit inasmuch as he "receive[d] an advantageous plea

and nothing in the record casts doubt on the apparent effectiveness of counsel" (*People v Ford*, 86 NY2d 397, 404).  Finally, defendant failed to preserve for our review his contention that the court erred in failing to recuse itself (*see People v Pett*, 74 AD3d 1891, 1892; *People v Lebron*, 305 AD2d 799, 800, *lv denied* 100 NY2d 583).  In any event, that contention is without merit (*see generally People v Moreno*, 70 NY2d 403, 405-406; *People v Crane*, 294 AD2d 867, 867, *lv denied* 98 NY2d 767; *People v Brunner*, 182 AD2d 1123, 1123, *lv denied* 80 NY2d 828).

Entered:  November 16, 2012

Frances E. Cafarell
Clerk of the Court