McCarthy, J.
We affirm. For the reasons stated in People v Barton (113 AD3d 927 [2014] [decided herewith]), County Court properly denied defendant’s application to withdraw his guilty plea. Defendant additionally stated that he felt sleep-deprived during the plea colloquy, but County Court appropriately relied upon his responses during the colloquy and “its own extensive observations of and interaction with defendant” in determining that defendant’s purported fatigue did not call into question his ability to understand the proceedings (People v Mack, 90 AD3d 1317, 1318-1319 [2011]; see People v Alexander, 97 NY2d 482, 486 [2002]).
The bulk of defendant’s further contentions — including that the seized marihuana should have been suppressed, that he was deprived of his right to due process outside of the context of his guilty plea, that he was the victim of prosecutorial misconduct and judicial bias, and that marihuana’s purported role in his religious practices constituted a defense against the present prosecution — are precluded by his valid plea and appeal waiver. His jurisdictional argument, while properly before us, has been considered and found to lack merit.
*930 Peters, P.J., Rose and Garry, JJ., concur. Ordered that the judgment is affirmed.