*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  January 22, 2015                    105778
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                        Respondent,
        v                                    MEMORANDUM AND ORDER

CLIFFORD WILLIAM WARES,
                        Appellant.
_____

Calendar Date:   November 14, 2014

Before:  Lahtinen, J.P., McCarthy, Egan Jr. and Devine, JJ.

_____

        Theodore J. Stein, Woodstock, for appellant, and appellant
pro se.

        D. Holley Carnright, District Attorney, Kingston (Joan
Gudesblatt Lamb of counsel), for respondent.

_____

Lahtinen, J.P.

        Appeal from a judgment of the County Court of Ulster County
(Williams, J.), rendered January 16, 2013, convicting defendant
upon his plea of guilty of the crimes of disseminating indecent
material to minors in the first degree (two counts) and
disseminating indecent material to minors in the second degree.

        Between November 2010 and March 2011, defendant, then 38
years old, allegedly sent to the 13-year-old victim a series of
electronic communications in which he, among other things,
graphically discussed and solicited various forms of sexual
activity with the victim.  He also attached numerous photographs
of, among other things, his erect penis, individuals engaged in
various explicit sexual activities, and an individual having sex

with an animal.  He was charged in a 37-count indictment with 31 counts of disseminating indecent material to a minor in the first degree, five counts of disseminating indecent material to a minor in the second degree and one count of endangering the welfare of a child.  Defendant was offered a plea to three counts — two counts of disseminating indecent material to a minor in the first degree and one count of disseminating indecent material to a minor in the second degree — in satisfaction of all charges. County Court stated that, if he accepted the plea, the maximum allowable sentences on the three counts would be imposed consecutively.  Defendant accepted the plea, but later moved before sentencing to withdraw his guilty plea.  After a hearing, County Court denied defendant's motion.  He was sentenced consistent with the plea to consecutive prison terms totaling 9 to 18 years.  Defendant appeals.

Defendant contends that the indictment failed to adequately identify the specific acts constituting the charged crimes.  "An indictment count which incorporates by reference the statutory provision applicable to the charged crime sufficiently alleges all of the elements of that crime, rendering the count valid" (People v Mitchell, 94 AD3d 1252, 1252 [2012], lv denied 19 NY3d 964 [2012] [internal quotation marks and citations omitted]; see People v D'Angelo, 98 NY2d 733, 735 [2002]).  Here, each count of the indictment cited the pertinent Penal Law section and quoted from the statute.  With regard to the factual allegations of the indictment, by pleading guilty, defendant waived any challenge to the specificity of those allegations (see People v Cole, 118 AD3d 1098, 1099-1100 [2014]; People v Downs, 26 AD3d 525, 526 [2006], lv denied 6 NY3d 847 [2006]).

We find no merit in defendant's argument that he did not receive the effective assistance of counsel.  "It is well settled that in the context of a guilty plea, a defendant has been afforded meaningful representation when he or she receives an advantageous plea and nothing in the record casts doubt on the apparent effectiveness of counsel" (People v Leszczynski, 96 AD3d 1162, 1162 [2012], lv denied 19 NY3d 998 [2012] [internal quotation marks, brackets and citations omitted]; accord People v Ford, 86 NY2d 397, 404 [1995]; People v Seuffert, 104 AD3d 1021, 1022 [2013], lv denied 21 NY3d 1009 [2013]).  Defendant received

an advantageous plea in that he faced 37 counts and had exposure to a much longer sentence than he ultimately received as part of the plea. Contrary to his current contention that his attorney pressured him into the plea, defendant stated during the plea that his attorney had not forced him to take the plea and he acknowledged that he was satisfied with his attorney's representation of him. Nothing in the record reflects that the representation that defendant received – from the commencement of his criminal case to the completion of his favorable plea – was ineffective. His assertion that he received ineffective assistance from the separate attorney who represented him in his motion to withdraw his plea is unpersuasive, in that, the purported errors amount to merely second-guessing legitimate legal strategy (see People v Benevento, 91 NY2d 708, 712-713 [1998]).

Defendant next asserts that County Court erred in not allowing him to withdraw his plea. "Whether a defendant should be permitted to withdraw his or her plea rests within the sound discretion of the trial court and, generally, such a motion should not be granted absent a showing of innocence, fraud or mistake in the inducement" (People v Galvan, 107 AD3d 1058, 1058 [2013], lv denied 21 NY3d 1042 [2013] [citations omitted]; accord People v Barton, 113 AD3d 927, 928 [2014]). Defendant's claim at the hearing that he had been under the influence of illegally obtained prescription drugs at the time of the plea was in direct conflict to his acknowledgment during the plea that he was not under the influence of any such substance. Moreover, County Court had observed defendant and placed on the record at the plea proceeding that he appeared in full control of his faculties. Defendant's claim regarding his use of drugs presented, at most, a credibility issue that County Court resolved against him (see People v Torra, 191 AD2d 738, 738-739 [1993], lv denied 81 NY2d 1021 [1993]; see also People v Debberman, 113 AD3d 929, 929 [2014]). With regard to his claim of innocence in his motion, "[a] defendant is not entitled to withdraw his guilty plea based on a subsequent unsupported claim of innocence, where the guilty plea was voluntarily made with the advice of counsel following an appraisal of all the relevant factors" (People v Haffiz, 19 NY3d 883, 884 [2012] [internal quotation marks and citation omitted]). Defendant was fully informed of and acknowledged that he

understood his various rights, and he voluntarily pleaded guilty with no claim of innocence.  County Court did not abuse its discretion in denying defendant's motion to withdraw his plea.

In light of defendant's criminal record, the nature of his current crimes and his receipt of the agreed-upon sentence, we find no merit in his argument that his sentence was harsh and excessive.  County Court did not abuse its discretion in the sentence it imposed and there are no extraordinary circumstances meriting a reduction thereof (see People v Crowe, 111 AD3d 1164, 1165 [2013], lv denied 22 NY3d 1155 [2014]; People v Vanness, 106 AD3d 1262, 1264-1265 [2013], lv denied 22 NY3d 1044 [2013]).  The remaining arguments have been considered and are without merit.

McCarthy, Egan Jr. and Devine, JJ., concur.


ORDERED that the judgment is affirmed.




ENTER:

Robert D. Mayberger
Clerk of the Court