■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHNNY SIBOUNHOME, Appellant. [3 NYS3d 192]—

Lynch, J. Appeal from a judgment of the County Court of St. Lawrence County (Richards, J.), rendered June 10, 2013, convicting defendant upon his plea of guilty of the crime of criminal possession of marihuana in the third degree.

In satisfaction of an indictment charging him with criminal possession of marihuana in the second degree, defendant entered a guilty plea to the reduced charge of criminal possession of marihuana in the third degree. The agreement included a promise to cooperate in the prosecution of his codefendant, an appeal waiver and a waiver of his right to apply for conditional release. County Court imposed a sentence of 365 days in jail. Defendant appeals, and we affirm.

Contrary to defendant's claim, he was advised, during the plea colloquy and in the written appeal waiver signed in court, that an appeal waiver was a condition of the plea agreement. Further, the plea colloquy and the written waiver together establish defendant's understanding of his appeal rights, which he had discussed with counsel, that the appeal waiver was separate and distinct from the other rights he automatically forfeited by his guilty plea, and that his waiver was knowing, voluntary and intelligent (*see People v Bradshaw*, 18 NY3d 257, 264 [2011]; *People v Lopez*, 6 NY3d 248, 256 [2006]; *People v Yaw*, 120 AD3d 1447, 1448 [2014], *lv denied* 24 NY3d 1005

[2014]). Further, defendant's challenge to the factual sufficiency of the plea allocution is precluded by his appeal waiver and was not preserved for our review by a postallocution motion to withdraw his plea, and he did not say anything that would trigger the narrow exception to the preservation requirement (*see People v Lopez*, 71 NY2d 662, 665-666 [1988]; *People v Rouse*, 119 AD3d 1161, 1162-1163 [2014]; *People v Mydosh*, 117 AD3d 1195, 1196 [2014], *lv denied* 24 NY3d 963 [2014]).

Defendant claims that conditioning the plea agreement on his waiver of the right to apply for conditional release under Penal Law § 70.40 (2) was improper. This point was not raised in County Court and, thus, it is not preserved for our review (*see* CPL 470.05 [2]). His argument that it constitutes a "mode of proceedings error" which can be raised for the first time on appeal is not supported by the statute or case law (*see People v Hanley*, 20 NY3d 601, 604-605 and n 2 [2013]; *compare People v Wright*, 119 AD3d 972, 973-974 [2014]). We do not find that conditioning a guilty plea on the waiver of the statutory right to apply for conditional release on parole falls within this "tightly circumscribed class" of fundamental errors for which preservation is not required and to which a defendant cannot consent as part of a plea agreement (*People v Kelly*, 5 NY3d 116, 120 [2005]; *see People v Hanley*, 20 NY3d at 604; *People v Becoats*, 17 NY3d 643, 651 [2011], *cert denied* 566 US —, 132 S Ct 1970 [2012]; *People v Patterson*, 39 NY2d 288, 295 [1976], *affd* 432 US 197 [1977]). This condition does not intrude upon the authority of the Board of Parole to decide a conditional release request, but speaks only to defendant's right to apply for such relief in this first instance. Finally, given that defendant's valid appeal waiver "encompass[es] any issue that does not involve a right of constitutional dimension going to the very heart of the process" (*People v Lopez*, 6 NY3d at 255 [internal quotation marks and citation omitted]), this claim is precluded by his appeal waiver.

Garry, J.P., Egan Jr. and Clark, JJ., concur. Ordered that the judgment is affirmed.