## Supreme Court, Appellate Division
### Third Judicial Department

Decided and Entered:  May 21, 2015                    106024
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                    Respondent,

        v                                   MEMORANDUM AND ORDER

TRAVIS BRYANT,
                    Appellant.
_____

Calendar Date:  March 25, 2015

Before:  Lahtinen, J.P., McCarthy, Garry and Lynch, JJ.

_____

    Bruce Evans Knoll, Albany, for appellant.

    D. Holley Carnright, District Attorney, Kingston (Joan
Gudesblatt Lamb of counsel), for respondent.

_____

Lynch, J.

    Appeal from a judgment of the County Court of Ulster County
(Williams, J.), rendered July 10, 2013, convicting defendant upon
his plea of guilty of the crime of burglary in the first degree.

    Defendant was charged in a six-count indictment with
various offenses after he broke into his paramour's residence and
threatened to set it and its inhabitants ablaze.  In full
satisfaction of the indictment, defendant pleaded guilty to one
count of burglary in the first degree and waived his right to
appeal from the conviction and sentence.  As part of the plea
arrangement, County Court agreed to sentence defendant to 12
years in prison to be followed by five years of postrelease
supervision.  The court ultimately imposed that sentence, and
defendant now appeals.

Defendant initially argues that his appeal waiver violated public policy, but it is well settled that "[w]aiving one's right to appeal as part of a plea agreement is not inherently coercive or against public policy" (People v Galietta, 75 AD3d 753, 754 [2010]; see People v Seaberg, 74 NY2d 1, 8-10 [1989]; People v Morrison, 106 AD3d 1201, 1202 [2013], lv denied 23 NY3d 1065 [2014]). While defendant complains that County Court improperly injected itself into the plea bargaining process by refusing to impose a lesser sentence that the People found acceptable, his "argument[] overlook[s] the role of the trial court and its obligation to insure the reasonableness of the bargain struck and of the sentence imposed" (People v Seaberg, 74 NY2d at 8; see People v Farrar, 52 NY2d 302, 305 [1981]; People v Selikoff, 35 NY2d 227, 240-241 [1974], cert denied 419 US 1122 [1975]). Defendant's further contention that County Court unilaterally imposed an appeal waiver to insulate the sentence from appellate review is not borne out by the record. The court held several conferences with defense counsel and the People prior to accepting the plea, and defense counsel confirmed that the court accurately stated the terms of the plea agreement. Defendant's appeal waiver was therefore not void as against public policy and, despite his further contentions, our review of the record confirms that it was made in a knowing, intelligent and voluntary manner (see People v Balbuena, 123 AD3d 1384, 1385 [2014]; People v Morrison, 106 AD3d at 1202).

Defendant's challenge to the factual sufficiency of his plea is precluded by his appeal waiver and is additionally unpreserved due to his failure to raise it in an appropriate postallocution motion (see People v Sibounhome, 125 AD3d 1059, 1060 [2015]; People v Durham, 110 AD3d 1145, 1145 [2013]). Defendant asserts that the narrow exception to the preservation requirement was implicated when he made statements during the plea colloquy that negated an element of burglary in the first degree but, even if true, County Court satisfied its duty of making further inquiry and ensuring that defendant had committed the crime in question (see People v Lopez, 71 NY2d 662, 666-667 [1988]; People v Banks, 122 AD3d 953, 953-954 [2014]).

Defendant's challenges to the procedures used to impose sentence do not call the legality of the sentence itself into

question and, as such, are barred by his appeal waiver (see People v Callahan, 80 NY2d 273, 281 [1992]; People v Dewiel, 100 AD3d 1524, 1525 [2012], lv denied 20 NY3d 1010 [2013]). Likewise, his appeal waiver forecloses his final contention that the sentence imposed was harsh and excessive (see People v Lopez, 6 NY3d 248, 255 [2006]; People v Morrison, 106 AD3d at 1202).

Lahtinen, J.P., McCarthy and Garry, JJ., concur.

ORDERED that the judgment is affirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court