McCarthy, J.P.
Appeal from a judgment of the County Court of Warren County (Hall Jr., J.), rendered February 27, 2013, convicting defendant upon his plea of guilty of the crime of criminal possession of a controlled substance in the third degree.
Defendant waived indictment, pleaded guilty to a superior court information (hereinafter SCI) charging him with criminal possession of a controlled substance in the third degree and waived his right to appeal. Prior to sentencing, defendant moved pro se to withdraw his guilty plea, contending that he received ineffective assistance of counsel. County Court denied defendant’s motion and, in accordance with the plea agreement, sentenced defendant, as a second felony offender, to a prison term of seven years followed by three years of post-release supervision. Defendant now appeals.
We affirm. Defendant’s claim that the SCI charging him with criminal possession of a controlled substance in the third degree was jurisdictionally defective survives his guilty plea and appeal waiver (see People v Brothers, 123 AD3d 1240, 1240 [2014]; People v Martinez, 106 AD3d 1379, 1379 [2013], lv denied 22 NY3d 957 [2013]). Here, the SCI erroneously denominated the crime charged as Penal Law § 220.16 (1), rather than Penal Law § 220.16 (12). Upon our review, however, we find that the record establishes that this was solely a typographical error as the facts alleged in the SCI made clear *1280 that the crime intended to be charged was Penal Law § 220.16 (12) (see People v Ashley, 89 AD3d 1283, 1285 [2011], lv denied 18 NY3d 955 [2012]; People v Sterling, 27 AD3d 950, 951-952 [2006], lv denied 6 NY3d 898 [2006]; People v Miller, 23 AD3d 699, 701 [2005], lv denied 6 NY3d 815 [2006]).
Defendant’s ineffective assistance of counsel claim, to the extent that it implicates the voluntariness of his guilty plea, survives his appeal waiver and has been properly preserved by his motion to withdraw his plea (see People v Ramey, 123 AD3d 1290, 1290 [2014], lv denied 25 NY3d 953 [2015]; People v Cavallaro, 123 AD3d 1221, 1223 [2014]). Nevertheless, defendant’s specific claims of ineffective assistance of counsel are without support in the record. In this context, “a defendant has been afforded meaningful representation when he or she receives an advantageous plea and nothing in the record casts doubt on the apparent effectiveness of counsel” (People v Ford, 86 NY2d 397, 404 [1995]; see People v Wares, 124 AD3d 1079, 1080 [2015], lv denied 25 NY3d 993 [Apr. 21, 2015]; People v Ramey, 123 AD3d at 1290-1291). Here, the record discloses that defense counsel, among other things, secured a favorable plea deal for defendant and vociferously advocated against sentencing defendant as a second felony offender. Further, nothing in the record — from the commencement of his criminal case to the completion of his advantageous plea — casts doubt upon counsel’s effectiveness. Defendant’s claim that his counsel should have made various motions amounts to no more than second-guessing his counsel’s legitimate legal strategy given that such motions would likely have been denied as without merit (see People v Benevento, 91 NY2d 708, 712-713 [1998]; People v Wares, 124 AD3d at 1081; People v Jones, 101 AD3d 1241, 1242-1243 [2012], lv denied 21 NY3d 944 [2013]). Accordingly, we find that defendant received meaningful representation.
Defendant’s valid appeal waiver — which he does not take issue with on appeal — precludes his challenge to the factual sufficiency of his plea allocution (see People v Sihounhome, 125 AD3d 1059, 1060 [2015]; People v Devault, 124 AD3d 1140, 1141 [2015], lv denied 25 NY3d 989 [Apr. 22, 2015]), his claim of prosecutorial misconduct (see People v Debberman, 113 AD3d 929, 929 [2014]) and his assertion that his agreed-upon sentence was harsh and excessive (see People v Hall, 125 AD3d 1095, 1097 [2015]; People v Campo, 125 AD3d 1058, 1059 [2015]).
Egan Jr., Devine and Clark, JJ., concur. Ordered that the judgment is affirmed.