Lynch, J.
Appeal from a judgment of the County Court of Saratoga County (Scarano, J.), rendered March 10, 2014, convicting defendant upon his plea of guilty of the crimes of, among others, criminal sale of a controlled substance in the third degree (two counts), criminal possession of a controlled substance in the third degree (two counts) and criminal possession of a controlled substance in the seventh degree (two counts).
In 2013, after defendant sold cocaine to a confidential informant on two separate occasions, he was charged in a six-count indictment with two counts each of criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the third degree and criminal possession of a controlled substance in the seventh degree. In a separate indictment, defendant was charged with one count of failing to register as a sex offender as a class E felony based upon his previous conviction for failure to register as a sex offender (see Correction Law §§ 168-f, 168-t). Pursuant to a combined negotiated disposition, defendant pleaded guilty to all counts in both indictments. Prior to sentencing, defendant moved to withdraw his plea, asserting, among other things, that he did not receive the effective assistance of counsel. County Court denied the motion and sentenced defendant in accordance with the plea agreement to an aggregate prison term of six years on the drug convictions, a concurrent sentence of one year on the sex offender registration conviction, and three years of post-release supervision. Defendant now appeals from that part of *1384 the judgment pertaining to the drug-related convictions and we affirm.*
Initially, we reject defendant’s claim that his appeal waiver was invalid. An appeal waiver is effective as long as the record confirms that it was knowing, intelligent and voluntary (see People v Lopez, 6 NY3d 248, 256 [2006]). This standard is met if the record reveals that “defendant [had] a full appreciation of the consequences of such waiver” (People v Bradshaw, 18 NY3d 257, 264 [2011] [internal quotation marks and citation omitted]) and that defendant understood “that the right to appeal is separate and distinct from those rights automatically forfeited upon a plea of guilty” (People v Lopez, 6 NY3d at 256). Here, the record of the plea proceedings reflects that County Court clearly stated the terms of the plea agreement covering both indictments, explained both the trial and appeal rights that defendant was waiving and specifically confirmed that defendant’s right to appeal was “separate and distinct” from those rights he was waiving as part of the plea and sentence agreement and that it meant he would “be giving up [his] right to appeal both the pleas and the sentences to a higher court.” Defendant unequivocally acknowledged that he had conferred with his attorney, signed the written appeal waiver and indicated that he understood the consequences of his plea and waiver. In our view, the record amply demonstrates that defendant knowingly, voluntarily and intelligently waived the right to appeal his conviction and sentence (see People v Sanders, 25 NY3d 337, 340-341 [2015]; People v Bradshaw, 18 NY3d at 264; People v Turner, 126 AD3d 1228, 1229 [2015]; People v Sibounhome, 125 AD3d 1059, 1059 [2015]).
Defendant also contends that his guilty plea was involuntary. Generally, such a claim survives an appeal waiver and may be considered where, as here, it is preserved by a motion to withdraw the plea (see People v Seaberg, 74 NY2d 1, 10 [1989]; People v Lopez, 71 NY2d 662, 665 [1988]; People v Miner, 120 AD3d 1449, 1449 [2014]). On this appeal, although defendant concedes that his pro se motion did not include a request for the appointment of substitute counsel, he claims that County Court was obligated to consider appointing substitute counsel because the gravamen of his motion was that he did not receive the effective assistance of counsel before he agreed to plead guilty.
We are unable to conclude that County Court abused its *1385 discretion in not sua sponte appointing counsel based on defendant’s contentions of ineffective assistance. “It is well settled that a defendant has a right to the effective assistance of counsel on his or her motion to withdraw a guilty plea” (People v Mitchell, 21 NY3d 964, 966 [2013] [citations omitted]). Generally, when assessing whether substitute counsel should be appointed, a court should determine whether good cause exists based on “the timing of the defendant’s request, its effect on the progress of the case and whether present counsel will likely provide the defendant with meaningful assistance” (People v Linares, 2 NY3d 507, 510 [2004]). Relevant here, “[w]hen certain actions or inaction on the part of defense counsel is challenged on the motion, it may ... be necessary for defense counsel . . . when asked to by the court ... to explain his [or her] performance with respect to the plea” (People v Mitchell, 21 NY3d at 967). If counsel takes a position that is adverse to his or her client, then a conflict of interest arises and the defendant must be assigned new counsel (see id.; People v McCray, 106 AD3d 1374, 1375 [2013]). Where, as here, defense counsel takes no position on a motion to vacate a plea, no conflict of interest arises (see People v Hutchinson, 57 AD3d 1013, 1015 [2008], lv denied 12 NY3d 817 [2009]). Thus, County Court was not obligated to assign substitute counsel before deciding the motion (see People v Sylvan, 108 AD3d 869, 871 [2013], lv denied 22 NY3d 1091 [2014]; People v Pimentel, 108 AD3d 861, 862-863 [2013], lv denied 21 NY3d 1076 [2013]).
As to the merits of the motion to vacate the plea, our review of the plea colloquy confirms that defendant understood the terms of the plea agreement and that his acceptance of such terms was knowing, voluntary and intelligent (see People v Tyrell, 22 NY3d 359, 365 [2013]; People v Howard, 119 AD3d 1090, 1090-1091 [2014], lv denied 24 NY3d 961 [2014]). We further find that nothing in the record casts doubt upon counsel’s effectiveness, and counsel negotiated a favorable plea deal (see People v Jackson, 128 AD3d 1279, 1280 [2015]). Defendant’s remaining claims, including his claim that the sentence imposed was harsh and excessive, are precluded by the valid appeal waiver (see People v Lopez, 6 NY3d 248, 256 [2006]; People v Jackson, 128 AD3d at 1280).
McCarthy, J.R, Egan Jr. and Devine, JJ., concur. Ordered that the judgment is affirmed.

 In a separate appeal, defendant challenges his plea to the charge of failing to register as a sex offender (People v Tyler, 130 AD3d 1385 [2015] [appeal No. 106736, decided herewith]).