Lynch, J.
Appeal from a judgment of the County Court of Saratoga County (Scarano, J.), rendered March 10, 2014, convicting defendant *1386 upon his plea of guilty of, among others, the crime of failure to register as a sex offender.
In 1997, after defendant was convicted of rape in the third degree (People v Tyler, 260 AD2d 796 [1999], lv denied 93 NY2d 980 [1999]), he was required to register as a sex offender pursuant to the Sex Offender Registration Act (see Correction Law art 6-C). In 2013, he was indicted on one count of failing to register as a sex offender (see Correction Law §§ 168-f, 168-t). Pursuant to a combined negotiated disposition, defendant pleaded guilty to the charge, admitted that he had previously been convicted for failure to register as a sex offender, and also pleaded guilty to certain charges contained in a separate six-count indictment charging him with criminal sale and possession of drugs.* During the plea allocution, defendant was advised that an appeal waiver was part of the negotiated disposition and he signed a written appeal waiver in open court. Defendant now appeals from that part of the judgment related to his conviction for failing to register as sex offender.
Defendant’s sole contention on this appeal is that County Court should have assigned substitute counsel to represent him on his motion to withdraw his plea. For the reasons stated in People v Tyler (130 AD3d 1383 [2015] [appeal No. 106719, decided herewith]), we find that County Court was not required to assign new counsel to represent defendant prior to deciding the motion to withdraw the plea.
McCarthy, J.P., Egan Jr. and Devine, JJ., concur. Ordered that the judgment is affirmed.

 In a separate appeal, defendant challenges his plea pertaining to the drug-related convictions (People v Tyler, 130 AD3d 1383 [2015] [appeal No. 106719, decided herewith]).