## Supreme Court, Appellate Division
## Third Judicial Department

Decided and Entered:  October 8, 2015                    106313
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                        Respondent,

        v                                    MEMORANDUM AND ORDER

DANIEL J. KOECHEL,
                        Appellant.
_____


Calendar Date:   September 11, 2015

Before:  McCarthy, J.P., Egan Jr., Lynch and Clark, JJ.

_____

        Martin J. McGuinness, Saratoga Springs, for appellant.

        Kristy L. Sprague, District Attorney, Elizabethtown
(Michele A. Bowen of counsel), for respondent.

_____


Clark, J.

        Appeal from a judgment of the County Court of Essex County
(Meyer, J.), rendered October 10, 2013, convicting defendant upon
his plea of guilty of the crime of attempted assault in the
second degree.

        Defendant attacked a female hunter with a knife as she
emerged from a portable hunting blind in the woods and also
destroyed the blind.  He was subsequently charged in a four-count
indictment with various crimes related to this incident.  In
satisfaction of the indictment, defendant pleaded guilty to
attempted assault in the second degree and waived his right to
appeal.  He was sentenced, in accordance with the plea agreement,
to time served and five years of probation.  He now appeals.

Defendant's sole argument is that his guilty plea was factually insufficient. He is, however, precluded from raising this claim by his valid waiver of the right to appeal (see People v Sibounhome, 125 AD3d 1059, 1060 [2015]; People v Strong, 124 AD3d 992, 992 [2015]). In addition, this claim is unpreserved due to defendant's failure to make an appropriate postallocution motion, and the narrow exception to the preservation requirement is inapplicable given that defendant did not make any statements that negated an essential element of the crime (see People v Bryant, 128 AD3d 1223, 1224-1225 [2015], lv denied ___ NY3d ___ [Aug. 13, 2015]; People v Sibounhome, 125 AD3d at 1060). In any event, were we to consider defendant's claim, we would find it to be without merit. Indeed, "it was not necessary that [defendant] recite every element of the crime or engage in a factual recitation, inasmuch as his affirmative responses to County Court's questions established the elements of the crime charged" (People v Campbell, 66 AD3d 1059, 1060 [2009]; see People v Coles, 13 AD3d 665, 666 [2004]).[1] Accordingly, we find no reason to disturb the judgment of conviction.

McCarthy, J.P., Egan Jr. and Lynch, JJ., concur.

---

[1] To the extent that defendant argues, alternatively, that the requirements for an Alford plea were not satisfied, there is no indication in the record that defendant entered an Alford plea.

ORDERED that the judgment is affirmed.


ENTER:

Robert D. Mayberger
Clerk of the Court