*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  March 31, 2016                    107955
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                        Respondent,

        v                                    MEMORANDUM AND ORDER

JOSHUA J. LOVE,
                        Appellant.
_____

Calendar Date:  February 11, 2016

Before:  Garry, J.P., Egan Jr., Lynch, Devine and Clark, JJ.

_____

        John A. Cirando, Syracuse, for appellant.

        Mary E. Rain, District Attorney, Canton (Ramy Louis of counsel), for respondent.

_____

Devine, J.

        Appeal from a judgment of the County Court of St. Lawrence County (Richards, J.), rendered October 21, 2013, convicting defendant upon his plea of guilty of the crime of rape in the third degree.

        In satisfaction of a three-count indictment, defendant pleaded guilty to rape in the third degree and waived his right to appeal.  Pursuant to the terms of the plea agreement, County Court placed defendant on interim probation for one year and promised to impose a sentence of probation if he successfully completed a substance abuse treatment program.  Defendant was informed by County Court that his failure to complete the substance abuse treatment program could result in a sentence of imprisonment of up to four years.  Defendant was discharged from

the treatment program for allegedly fraternizing with a female patient despite previously being directed not to be alone with female patients.  County Court denied defense counsel's request for a hearing to dispute the basis for defendant's discharge and, finding that it was no longer bound by the plea agreement, sentenced defendant to a prison term of 3½ years to be followed by eight years of postrelease supervision.  Defendant now appeals.

We are unpersuaded by defendant's contention that the appeal waiver is invalid.  The record reflects that County Court explained, and defendant acknowledged that he understood, the separate and distinct nature of the waiver of the right to appeal prior to executing a detailed written waiver in open court.  As such, defendant knowingly, voluntarily and intelligently waived his right to appeal (see People v Bethea, 133 AD3d 1033, 1033 [2015]; People v Beblowski, 131 AD3d 1303, 1304 [2015], lv denied 26 NY3d 1085 [2015]).  Defendant's challenge to the factual sufficiency of the plea allocution is precluded by that valid appeal waiver (see People v Jackson, 128 AD3d 1279, 1280 [2015], lv denied 26 NY3d 930 [2015]; People v Bryant, 128 AD3d 1223, 1224 [2015], lv denied 26 NY3d 926 [2015]).  Defendant's further contention that the plea was not voluntary survives the appeal waiver, but is nevertheless unpreserved as the record does not reflect that he made any postallocution motion to withdraw his plea (see People v Kormos, 126 AD3d 1039, 1040 [2015]).

Next, defendant contends that his due process rights were violated by the failure of County Court to conduct a hearing prior to imposing the enhanced sentence.  Initially, we note that defendant's waiver of appeal does not preclude our review of this issue (see People v Dissottle, 68 AD3d 1542, 1544 [2009], lv denied 14 NY3d 799 [2010]).  Turning to the merits, "it is not practical to require an evidentiary hearing every time a defendant disputes discharge from a drug treatment program for reasons unrelated to making satisfactory progress in treatment" (People v Fiammegta, 14 NY3d 90, 98 [2010]).  However, "when a program discharges a defendant for misconduct, the court must carry out an inquiry of sufficient depth to satisfy itself that there was a legitimate basis for the program's decision, and must explain, on the record, the nature of its inquiry, its

conclusions, and the basis for them" (id. at 98; see People v Valencia, 3 NY3d 714, 715 [2004]).  Here, defendant denied any misconduct and alleged, among other things, that he was not deliberately fraternizing with a female patient and that she had followed him into a room he was cleaning.  County Court referenced a "discharge summary" in determining that no further inquiry was required and, while it is somewhat hazy as to whether the trial court reviewed that document, there is no question that the People and defense counsel did so prior to sentencing.  Our review of the discharge summary discloses that it in no way addresses defendant's assertion that the violation of program rules on his part was inadvertent and, as such, we cannot conclude that County Court made a sufficient inquiry into the reasons for his discharge (see People v Fiammegta, 14 NY3d at 98-99; People v Hill, 77 AD3d 518, 518 [2010]; cf. People v McDevitt, 97 AD3d 1039, 1041 [2012], lvs denied 20 NY3d 987 [2012]).  Thus, the sentence must be vacated and the matter remitted for resentencing.

        Garry, J.P., Egan Jr., Lynch and Clark, JJ., concur.


        ORDERED that the judgment is modified, on the law and the facts, by vacating the sentence imposed; matter remitted to the County Court of St. Lawrence County for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.




                        ENTER:



                        Robert D. Mayberger
                        Clerk of the Court