## Supreme Court, Appellate Division
## Third Judicial Department

Decided and Entered: June 23, 2016                    107049
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                    Respondent,

        v                                MEMORANDUM AND ORDER

WILLIAM BLAIR,
                    Appellant.
_____


Calendar Date: May 24, 2016

Before: Lahtinen, J.P., McCarthy, Garry, Clark and Mulvey, JJ.

_____

        Marcy I. Flores, Warrensburg, for appellant.

        Marsha K. Purdue, District Attorney, Indian Lake, for
respondent.

_____


Lahtinen, J.P.

        Appeal from a judgment of the County Court of Hamilton
County (Feldstein, J.), rendered September 25, 2013, convicting
defendant upon his plea of guilty of the crimes of rape in the
second degree and endangering the welfare of a child.

        In satisfaction of a nine-count amended indictment,
defendant pleaded guilty to rape in the second degree and
endangering the welfare of a child and waived his right to
appeal. County Court sentenced defendant, in accordance with the
plea agreement, to a prison term of five years followed by 15
years of postrelease supervision on the rape conviction and a
concurrent one-year term on the remaining conviction. Defendant
appeals.

        To the extent that defendant challenges the factual sufficiency of his plea allocution, it is precluded by his valid appeal waiver, which he does not take issue with on appeal (see People v Love, 137 AD3d 1486, 1487 [2016]; People v Koechel, 132 AD3d 1020, 1020 [2015]; People v Jackson, 128 AD3d 1279, 1280 [2015], lv denied 26 NY3d 930 [2015]).  Furthermore, the issue is not preserved as the record fails to disclose that defendant made any postallocution motion to withdraw his plea, and the narrow exception to the preservation requirement is not implicated as defendant made no statements during the plea colloquy that negated an essential element of the crimes (see People v Koechel, 132 AD3d at 1021; People v Watson, 115 AD3d 1016, 1017 [2014], lv denied 24 NY3d 965 [2014]).

        Finally, although the waiver of appeal precludes defendant's challenge to the severity of the sentence imposed (see People v Lopez, 6 NY3d 248, 256 [2006]; People v Smith, 136 AD3d 1107, 1109 [2016]), it does not preclude his challenge to the legality of the sentence (see People v Clapper, 133 AD3d 1036, 1036 [2015]).  Defendant contends, and the People concede, that the 15-year period of postrelease supervision was error. Defendant pleaded guilty to rape in the second degree, a class D violent felony (see Penal Law § 70.02 [1] [c]).  The maximum permissible postrelease supervision term is 10 years (see Penal Law § 70.45 [2-a] [d]).  Therefore, we modify the judgment to the extent of imposing a reduced postrelease period of supervision of 10 years.

        McCarthy, Garry, Clark and Mulvey, JJ., concur.

ORDERED that the judgment is modified, on the law, by reducing the period of postrelease supervision to 10 years, and, as so modified, affirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court