*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered: June 30, 2016                    107399
                                                      107400
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                        Respondent,

        v                                    MEMORANDUM AND ORDER

MICHAEL R. ZAKRZEWSKI,
                        Appellant.
_____

Calendar Date:  June 3, 2016

Before:  Peters, P.J., Lahtinen, Egan Jr., Rose and Clark, JJ.

_____

        Bruce Evans Knoll, Albany, for appellant.

        Karen Heggen, District Attorney, Ballston Spa (Gordon W. Eddy of counsel), for respondent.

_____

Rose, J.

        Appeal from a judgment of the County Court of Saratoga County (Scarano, J.), rendered December 23, 2014, convicting defendant upon his plea of guilty of the crimes of burglary in the third degree and criminal possession of stolen property in the fourth degree.

        Pursuant to a combined plea agreement resolving two indictments against him, defendant waived his right to appeal and pleaded guilty to burglary in the third degree and criminal possession of stolen property in the fourth degree. The plea also resolved a violation of probation petition. County Court thereafter sentenced defendant on each conviction to the agreed-upon prison term of 1 to 3 years, to be served concurrently.

Defendant appeals.

We affirm.  Initially, we find that defendant knowingly, voluntarily and intelligently waived his right to appeal (see People v Lopez, 6 NY3d 248, 256 [2006]).  County Court explained the meaning of an appeal waiver, distinguished it from the trial-related rights automatically forfeited by a guilty plea and ascertained that defendant had discussed it with counsel and understood it.  Defendant also signed written waivers of appeal in open court, with the assistance of counsel (see People v Sawyer, 135 AD3d 1164, 1164-1165 [2016], lv denied 27 NY3d 1006 [2016]).  Thus, defendant's challenge to the factual sufficiency of the plea allocution is precluded by his valid appeal waiver (see People v Jackson, 128 AD3d 1279, 1280 [2015], lv denied 26 NY3d 930 [2015]).  While his challenge to the plea as involuntary survives the appeal waiver, it is unpreserved as the record does not disclose that he made a postallocution motion to withdraw his plea (see CPL 220.60 [3]; People v Love, 137 AD3d 1486, 1487 [2016]).  Moreover, the record does not reflect that defendant made any statements during the plea allocution "that negated an element of the crime or otherwise called into doubt his guilt or the voluntariness of his plea" (People v Davis, 136 AD3d 1220, 1221 [2016] [internal quotation marks and citation omitted], lv denied ___ NY3d ___ [May 13, 2016]; see People v Lopez, 71 NY2d 662, 666 [1988]).

To the extent that defendant's ineffective assistance of counsel claim implicates the voluntariness of his plea, it survives his appeal waiver, but this issue is also not properly before us because of defendant's failure to make a postallocution motion (see People v Islam, 134 AD3d 1348, 1349 [2015]).  Indeed, defendant's claims primarily concern matters that are outside the record on appeal and are more appropriately addressed in a motion to vacate pursuant to CPL article 440 (see People v Clark, 135 AD3d 1239, 1241 [2016], lv denied 27 NY3d 995 [2016]).  While defendant complained at sentencing about his defense counsel and expressed dissatisfaction with the agreed-upon sentence, he never indicated a desire to withdraw his plea, and there is no evidence that he requested that his counsel make such a motion or that substitute counsel be assigned, and we do not find that the court

was obligated to offer this relief sua sponte (see People v Tyler, 130 AD3d 1383, 1384-1385 [2015]; People v Good, 83 AD3d 1124, 1126 [2011], lv denied 17 NY3d 816 [2011]). Further, the court answered his questions regarding credit for time served. Defendant's remaining claims also lack merit.

Peters, P.J., Lahtinen, Egan Jr. and Clark, JJ., concur.

ORDERED that the judgment is affirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court