*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:   November 17, 2016                    106794
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                         Respondent,
        v                                    MEMORANDUM AND ORDER

ABDUL MOHAMMED,
                         Appellant.
_____


Calendar Date:   October 18, 2016

Before:   Peters, P.J., Garry, Devine, Clark and Aarons, JJ.

                        _____


        Michael C. Ross, Bloomingburg, for appellant.

        P. David Soares, District Attorney, Albany (Michael C.
Wetmore of counsel), for respondent.

                        _____


Peters, P.J.

        Appeal from a judgment of the County Court of Albany County
(Herrick, J.), rendered March 18, 2014, convicting defendant upon
his plea of guilty of the crimes of petit larceny and resisting
arrest.

        Defendant, a citizen of Ghana, waived indictment and agreed
to be charged in a superior court information with the crimes of
petit larceny and resisting arrest.  He pleaded guilty to these
crimes and waived his right to appeal, both orally and in
writing.  Under the terms of the plea agreement, he was to be
sentenced to consecutive one-year jail terms.  At sentencing,
County Court acceded to defense counsel's request, unopposed by
the People, to sentence defendant to 364 days in jail for each
crime due to the "immigration consequences."  County Court
proceeded to sentence defendant to consecutive terms of 364 days

in jail.  Defendant, who is being held on a detainer for deportation, now appeals.

Defendant contends that he was denied the effective assistance of counsel because counsel failed to properly advise him of the immigration consequences of his guilty plea, thereby rendering it involuntary.  Although this claim is not precluded by defendant's valid waiver of the right to appeal, it is unpreserved for our review as the record does not disclose that he made an appropriate postallocution motion (see People v Austin, 141 AD3d 956, 957-958 [2016]; People v Tamah, 133 AD3d 923, 924 [2015]).  Moreover, given that defendant did not make any statements during the plea colloquy that cast doubt upon his guilt or called into question the voluntariness of his plea, the narrow exception to the preservation requirement is inapplicable (see People v Lobaton, 140 AD3d 1534, 1535 [2016], lv denied 28 NY3d 972 [2016]; People v Perkins, 140 AD3d 1401, 1403 [2016]).  Furthermore, to the extent that defendant bases his claim upon alleged misinformation imparted to him by counsel that is outside the record, the appropriate remedy is for defendant to bring a CPL article 440 motion to vacate the judgment of conviction (see People v Zakrzewski, 140 AD3d 1536, 1537 [2016]; People v Hernandez, 140 AD3d 1521, 1523 [2016], lv denied 28 NY3d 971 [2016]).

Garry, Devine, Clark and Aarons, JJ., concur.


ORDERED that the judgment is affirmed.




ENTER:

Robert D. Mayberger
Clerk of the Court