Aarons, J.
 

 Appeal from a judgment of the Supreme Court (Milano, J.), rendered August 28, 2015 in Schenectady County, convicting defendant upon her plea of guilty of the crime of grand larceny in the third degree.
 

 In October 2014, defendant was indicted for grand larceny in the third degree, falsifying business records in the first degree and offering a false instrument for filing in the first degree based on allegations that included that she stole property valued at more than $3,000. As a part of a plea agreement and in satisfaction of the indictment, defendant pleaded guilty to grand larceny in the third degree and waived her right to appeal, orally and in writing. Defendant was thereafter sentenced to six months in jail and a five-year term of probation. Defendant appeals.
 

 We affirm. The combined oral and written appeal waiver establishes that defendant’s waiver was knowing, voluntary and intelligent (see People v Sanders, 25 NY3d 337, 341 [2015]; People v Lopez, 6 NY3d 248, 256 [2006]). Supreme Court confirmed that defendant knew that her waiver of her right to appeal was “separate and apart” from the trial rights that she had agreed to waive. Defendant asked the court whether the appeal waiver would apply to a pending civil matter, and the court correctly informed her that it would not. Defendant thereafter told the court that she had no more questions regarding the appeal waiver. Moreover, the record reflects that defendant conferred with counsel regarding the written appeal waiver before she signed it, and defendant was informed that her appeal waiver was a condition of her plea agreement and that, absent her waiver of her right to appeal, she would have maintained the right to appeal from a conviction resulting from a plea. Accordingly, we find defendant’s appeal waiver to be knowing, voluntary and intelligent (see People v Toledo, 144 AD3d 1332, 1332 [2016], lv denied 29 NY3d 1001 [2017]; People v Empey, 144 AD3d 1201, 1202-1203 [2016], lv denied 28 NY3d 1144 [2017]).
 

 Defendant’s challenge to the factual sufficiency of her plea allocution is precluded by her valid appeal waiver (see People v Blair, 140 AD3d 1478, 1479 [2016], lv denied 28 NY3d 927 [2016]; People v Love, 137 AD3d 1486, 1487 [2016]). Moreover, that issue is unpreserved as the record fails to establish that defendant made an appropriate postallocution motion, and the narrow exception to the preservation requirement does not apply here as defendant did not make any statements that negated an essential element of the crime or cast doubt upon her guilt (see People v Agrusti, 123 AD3d 1158, 1158 [2014], lv denied 26 NY3d 1142 [2016]; People v Watson, 115 AD3d 1016, 1017 [2014], lv denied 24 NY3d 965 [2014]). Likewise, defendant’s claim of ineffective assistance of counsel, to the extent that it relates to the voluntariness of her plea, is unpreserved in the absence of a postallocution motion (see People v Williams, 150 AD3d 1549, 1549 [2017]; People v Cox, 146 AD3d 1154, 1155 [2017]). To the extent that defendant contends, in her pro se brief, that she was deprived of due process by preindictment delay, that contention is also unpreserved for our review (see People v Flores, 83 AD3d 1460, 1460 [2011], affd 19 NY3d 881 [2012]; People v Alger, 23 AD3d 706, 706 [2005], lv denied 6 NY3d 845 [2006]).
 

 Egan Jr., J.P., Lynch, Rose and Pritzker, JJ., concur.
 

 Ordered that the judgment is affirmed.