People v Brown (2018 NY Slip Op 05367)





People v Brown


2018 NY Slip Op 05367


Decided on July 19, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: July 19, 2018


[*1]THE PEOPLE OF THE STATE OF NEW YORK, 
v
SEAN BROWN, Appellant.

Calendar Date: June 6, 2018

Before: Devine, J.P., Clark, Mulvey, Rumsey and Pritzker, JJ.


Stephen W. Herrick, Public Defender, Albany (Jessica M. Gorman of counsel), for appellant, and appellant pro se.
P. David Soares, District Attorney, Albany (Michael C. Wetmore of counsel), for respondent.



MEMORANDUM AND ORDER
Mulvey, J.
Appeal from a judgment of the County Court of Albany County (Lynch, J.), rendered September 11, 2015, convicting defendant upon his plea of guilty of the crime of attempted criminal possession of a weapon in the second degree.
In March 2015, and in full satisfaction of numerous pending charges, defendant waived indictment and agreed to be prosecuted pursuant to a superior court information charging him with one count of attempted criminal possession of a weapon in the second degree with the understanding that he would be sentenced to four years in prison followed by five years of postrelease supervision. The plea agreement also required defendant to waive his right to appeal. County Court advised defendant, who was out on bail, that it would honor the negotiated sentence provided defendant, among other things, "[did] not violate the law" prior to sentencing and "show[ed] up for sentencing in a timely manner"; should defendant fail to comply, County Court warned, he could receive a sentence of up to seven years in prison followed by five years of postrelease supervision. Defendant thereafter pleaded guilty to the charged crime, and the matter was adjourned for sentencing.
When the parties returned for sentencing in May 2015, defendant requested an adjournment — ostensibly so that he could be present for the birth of his child in mid-August 2015. Despite opposition from the People, County Court granted defendant's request and adjourned sentencing until August 19, 2015, at which time defendant failed to appear and a bench warrant was issued. Defendant subsequently was located and the parties returned to court, whereupon County Court learned that a sealed indictment had been handed up against defendant; County Court reviewed the indictment, revoked defendant's bail and scheduled an Outley hearing. The People ultimately asked that County Court impose an enhanced sentence — citing both the new charge against defendant and defendant's failure to appear for sentencing in August 2015. County Court granted the People's request and sentenced defendant to seven years in prison followed by five years of postrelease supervision. Defendant now appeals.
Initially, we reject defendant's claim that his combined oral and written waiver of the right to appeal was invalid. County Court explained that the plea agreement included a waiver of the right to appeal defendant's conviction and sentence (see People v Bateman, 151 AD3d 1482, 1483 [2017], lv denied 31 NY3d 981 [2018]) and that such waiver was in addition to the trial-related rights that defendant would be forfeiting by pleading guilty (see People v Smith, 155 AD3d 1244, 1245 [2017]). Defendant, after conferring with counsel, signed a written waiver in open court (see People v Robinson, 155 AD3d 1252, 1252 [2017], lv denied 30 NY3d 1119 [2018]) and, in response to County Court's questioning, confirmed that he understood its terms and agreed to be bound by it (see People v Belile, 137 AD3d 1460, 1461 [2016]). We therefore find defendant's combined waiver to be knowing, intelligent and voluntary (see People v Royal, 161 AD3d 1217, 1218 [2018]; People v Campbell, 155 AD3d 1250, 1251 [2017], lv denied 30 NY3d 1114 [2018]; People v Smith, 155 AD3d at 1245).
Defendant's further claim — that the imposition of the enhanced sentence deprived him of due process — survives his valid appeal waiver (see People v Turner, 158 AD3d 892, 893 [2018]; People v Love, 137 AD3d 1486, 1488 [2016]) and, to our analysis, has been adequately preserved for our review (compare People v Benn, 159 AD3d 1272, 1273 [2018]; People v Giammichele, 144 AD3d 1320, 1320-1321 [2016], lv denied 28 NY3d 1184 [2017]). That said, we cannot say that County Court abused its discretion in imposing the enhanced sentence. As noted previously, the negotiated sentence was conditioned upon, among other things, defendant appearing in a timely fashion for sentencing. The record reflects that defendant was afforded an opportunity to dispute the alleged plea agreement violations, and his undisputed failure to appear for sentencing, standing alone, provided a valid basis upon which to impose the enhanced sentence (see e.g. People v Smith, 160 AD3d 664, 665 [2018]; People v Nesbitt, 125 AD3d 1016, 1017 [2015]). Finally, given that County Court advised defendant of the consequences of violating the plea conditions, "defendant's claim that the enhanced sentence [imposed] is harsh and excessive is precluded by his [valid] appeal waiver" (People v Adams, 153 AD3d 1449, 1451 [2017]; see People v Turner, 158 AD3d at 892-893).
Defendant's pro se claims do not warrant extended discussion. Although defendant's assertion that the superior court information was jurisdictionally defective survives his guilty plea and appeal waiver (see People v Benn, 159 AD3d at 1272), "[a] charging instrument that incorporates by reference the statutory provisions applicable to the crime charged has been held to allege the material elements of the crime sufficiently to survive a jurisdictional challenge" (People v Suits, 158 AD3d 949, 951 [2018]; see People v Benn, 159 AD3d at 1272). As the superior court information at issue here incorporated the relevant statutory references, defendant's argument must fail. To the extent that defendant's pro se brief may be read as challenging the factual sufficiency of his plea, this claim is precluded by the valid appeal waiver and, further, is unpreserved for our review absent record evidence of an appropriate postallocution motion (see People v Rodriguez, 154 AD3d 1013, 1014 [2017]; People v Dejesus, 146 AD3d 1077, 1078 [2017]). Defendant's remaining arguments, to the extent not specifically addressed, have been examined and found to be lacking in merit.
Devine, J.P., Clark, Rumsey and Pritzker, JJ., concur.
ORDERED that the judgment is affirmed.