People v Surdis (2018 NY Slip Op 05539)





People v Surdis


2018 NY Slip Op 05539


Decided on July 26, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: July 26, 2018


[*1]THE PEOPLE OF THE STATE OF NEW YORK,
v
KRISTOPHER J. SURDIS, Appellant.

Calendar Date: June 11, 2018

Before: McCarthy, J.P., Lynch, Devine, Clark and Aarons, JJ.


 John Ferrara, Monticello, for appellant.
John L. Hubbard, District Attorney, Delhi (Sean T. Becker of counsel), for respondent.



MEMORANDUM AND ORDER
Appeal from a judgment of the County Court of Delaware County (Lambert, J.), rendered July 8, 2016, convicting defendant upon his plea of guilty of the crime of falsely reporting an incident in the first degree.
In satisfaction of a one-count indictment, defendant pleaded guilty to falsely reporting an incident in the first degree, a class D violent felony (see Penal Law §§ 70.02 [1] [c]; 240.60 [1]), and waived his right to appeal. In accordance with the terms of the plea agreement, he was sentenced as a second violent felony offender to five years in prison to be followed by five years of postrelease supervision. He now appeals.
Defendant's sole claim is that the sentence is illegal because County Court imposed a five-year period of postrelease supervision when only a period from 1½ to 3 years was authorized by Penal Law § 70.45 (2) (e)[FN1]. For reasons stated in People v Surdis (160 AD3d 1305, 1306 [2018]), defendant's argument is without merit.
McCarthy, J.P., Lynch, Devine, Clark and Aarons, JJ., concur.
ORDERED that the judgment is affirmed.



Footnotes

Footnote 1: Defendant's challenge to the legality of the sentence is not precluded by his unchallenged waiver of the right to appeal (see People v Blair, 140 AD3d 1478, 1479 [2016], lv denied 28 NY3d 927 [2016]).