People v Maddaloni (2018 NY Slip Op 07793)





People v Maddaloni


2018 NY Slip Op 07793


Decided on November 15, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 15, 2018

108902

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
CHRISTINE MADDALONI, Appellant.

Calendar Date: October 10, 2018

Before: Garry, P.J., Lynch, Devine, Aarons and Pritzker, JJ.


Kelly M. Monroe, Albany, for appellant.
Robert M. Carney, District Attorney, Schenectady (Peter H. Willis of counsel), for respondent.



MEMORANDUM AND ORDER
Devine, J.
Appeal from a judgment of the County Court of Schenectady County (Sypniewski, J.), rendered July 13, 2016, convicting defendant upon her plea of guilty of the crime of criminal possession of stolen property in the fourth degree.
In satisfaction of multiple charges, defendant waived indictment and pleaded guilty to a superior court information charging her with criminal possession of stolen property in the fourth degree. Pursuant to the plea agreement, defendant waived her right to appeal and was sentenced, as a second felony offender, to a prison term of 1½ to 3 years to be served consecutively to the undischarged sentence she was serving, and she was ordered to pay restitution. Defendant now appeals.
We affirm. Defendant contends that County Court failed to elicit a sufficient guilty plea. However, defendant waived her right to appeal. County Court distinguished the waiver of appeal from the trial-related rights automatically forfeited by the guilty plea, ensured that defendant understood the right to appeal and ascertained that she had discussed the waiver with counsel and understood it prior to signing a written waiver in open court. Under these circumstances, we find that defendant's waiver of appeal was knowing, voluntary and intelligent (see People v Sanders, 25 NY3d 337, 339-341 [2015]; People v Lopez, 6 NY3d 248, 256 [2006]; People v Chaney, 160 AD3d 1281, 1282 [2018], lv denied 31 NY3d 1146 [2018]). In view of defendant's valid appeal waiver, her challenge to the sufficiency of the plea allocution is precluded (see People v Wood, 161 AD3d 1447, 1449 [2018]; People v Chaney, 160 AD3d at 1283). Moreover, this issue was not preserved by an appropriate postallocution motion, and the narrow exception to the preservation requirement was not triggered as defendant did not make any statements during the plea allocution that "negated an essential element of the crime or cast doubt upon her guilt" (People v Robinson, 155 AD3d 1252, 1253 [2017], lv denied 30 NY3d [*2]1119 [2018]; see CPL 220.60 [3]; People v Williams, 27 NY3d 212, 220 [2016]; People v Blair, 140 AD3d 1478, 1479 [2016], lv denied 28 NY3d 927 [2016]).
Garry, P.J., Lynch, Aarons and Pritzker, JJ., concur.
ORDERED that the judgment is affirmed.