◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PHILLIP SEUFFERT, Appellant. [960 NYS2d 738]—

McCarthy, J. Appeal from a judgment of the County Court of Sullivan County (LaBuda, J.), rendered July 15, 2010, convicting defendant upon his plea of guilty of the crime of criminal sexual act in the first degree.

Defendant pleaded guilty to criminal sexual act in the first degree in full satisfaction of a five-count indictment and waived his right to appeal. Prior to sentencing, he moved to withdraw his plea, arguing that he was coerced into pleading guilty. County Court denied the motion and thereafter sentenced defendant to eight years in prison to be followed by five years of postrelease supervision. Defendant now appeals.

We affirm. Initially, to the extent that defendant challenges his waiver of the right to appeal, inasmuch as our review of the plea colloquy and defendant's written waiver reveal that defendant was advised of and understood the rights that he was forfeiting, we are satisfied that he knowingly, voluntarily and intelligently waived the right to appeal his conviction and sentence (*see People v Griffin*, 100 AD3d 1153, 1153-1154 [2012], *lv denied* 20 NY3d 1011 [2013]; *People v Lopez*, 97 AD3d 853, 853 [2012], *lv denied* 19 NY3d 1027 [2012]).

With respect to defendant's plea, "[w]hether to allow withdrawal of a guilty plea is left to the sound discretion of County Court, and will generally not be permitted absent some evidence of innocence, fraud or mistake in its inducement" (*People v Mitchell*, 73 AD3d 1346, 1347 [2010], *lv denied* 15 NY3d 922 [2010] [internal quotation marks and citation omitted]; *accord People v Jerome*, 98 AD3d 1188, 1188 [2012], *lv denied* 20 NY3d 987 [2012]). In his motion to withdraw his plea, defendant

contended that he agreed to plead guilty in exchange for a sentence of eight years in prison after he panicked when County Court advised him that he could be sentenced to as much as 25 years in prison if convicted of the crime of criminal sexual act in the first degree. The fact that County Court informed defendant of the potential maximum sentence to which he was exposed does not constitute coercion to induce a guilty plea or render his plea involuntary (*see People v Taylor*, 82 AD3d 1291, 1292 [2011], *lv denied* 16 NY3d 900 [2011]; *People v Lambe*, 282 AD2d 776, 777 [2001]). Accordingly, County Court's denial of defendant's motion was not an abuse of discretion.

Although defendant argues on appeal that he was coerced into pleading guilty by certain misstatements made by County Court regarding the potential sentence he was exposed to under the indictment,* inasmuch as he did not raise this issue in his motion to withdraw the plea, the issue is not preserved for our review (*see People v Young*, 81 AD3d 995, 996 [2011], *lv denied* 16 NY3d 901 [2011]). Further, the narrow exception to the preservation rule is not applicable here, as defendant did not make any statements during the plea colloquy that cast doubt upon his guilt or negated an essential element of the crime (*see People v Morgan*, 84 AD3d 1594, 1594 [2011], *lv denied* 17 NY3d 819 [2011]).

To the extent that defendant's contention that he received ineffective assistance of counsel is preserved for our review, it is without merit inasmuch as he " 'receive[d] an advantageous plea and nothing in the record casts doubt on the apparent effectiveness of counsel' " (*People v Singletary*, 51 AD3d 1334, 1335 [2008], *lv denied* 11 NY3d 741 [2008], quoting *People v Ford*, 86 NY2d 397, 404 [1995]; *accord People v Gazivoda*, 68 AD3d 1346, 1347 [2009], *lv denied* 14 NY3d 840 [2010]). Finally, in light of defendant's valid waiver of the right to appeal his conviction and sentence, his claim that his sentence is harsh and excessive is precluded (*see People v Anderson*, 99 AD3d 1034, 1035 [2012], *lv denied* 20 NY3d 1009 [2013]; *People v Lopez*, 97 AD3d at 853-854).

Mercure, J.P., Rose and Garry, JJ., concur. Ordered that the judgment is affirmed.

---

\* It is impossible to tell, from this record, whether County Court's calculation of the possible sentencing parameters was accurate or erroneous.