■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY McCRAY, Appellant. [966 NYS2d 271]—

Spain, J. Appeal from a judgment of the County Court of Ulster County (Williams Jr., J.), rendered October 25, 2010, convicting defendant upon his plea of guilty of the crime of burglary in the second degree.

Defendant, pursuant to a negotiated plea agreement, pleaded guilty to burglary in the second degree in full satisfaction of a three-count indictment. He was to be sentenced to a prison term of six years to be followed by five years of postrelease supervision and assessed certain fees and restitution in the amount of $6,324.56. At sentencing, defendant moved pro se to withdraw his guilty plea, alleging, among other things, that he had been improperly arrested and that his statement should have been suppressed as the product of coercion. Upon questioning by County Court, defense counsel responded that she was not making an application on behalf of her client to withdraw his guilty plea. When asked specifically by the court whether there was "any legal basis" for defendant's pro se motion, counsel answered, "Not that I can see." Thereafter, the court denied defendant's motion to withdraw his plea and sentenced defendant to the agreed-upon sentence. Defendant now appeals.

Under established principles, defense counsel has no duty to support a pro se motion that he or she has determined to be without merit, and failing to support such a motion "does not constitute a position adverse to the client" (*People v Hutchinson*, 57 AD3d 1013, 1015 [2008], *lv denied* 12 NY3d 817 [2009]). Here, after properly informing County Court that she would not be making the motion on behalf of defendant, defense counsel responded to the court's substantive inquiry that she found no "legal basis" for his motion. Indeed, in denying defendant's request for new counsel or for more time to make the motion, the court reiterated that defense counsel "in her knowledge and understanding of this case [stated] that there's no legal basis to withdraw your plea of guilty." "[O]nce counsel took a position adverse to . . . defendant, the court should not have proceeded to determine the motion without first assigning . . . defendant new counsel" (*People v Santana*, 156 AD2d 736, 737 [1989]; *see People v Wolf*, 88 AD3d 1266, 1268 [2011], *lv denied* 18 NY3d 863 [2011]; *People v Kirkland*, 68 AD3d 1794, 1795 [2009]; *People v Hunter*, 35 AD3d 1228, 1228 [2006]; *People v Coleman*, 294 AD2d 843, 843-844 [2002]; *cf. People v Hutchinson*, 57 AD3d at 1015 [counsel made no statements on the record disputing the defendant's pro se contentions]; *People v Milazo*, 33 AD3d 1060, 1061 [2006], *lv denied* 8 NY3d 883 [2007]). While apparently inadvertent, counsel's remark in response to the court's improper inquiry regarding the merits of defendant's pro se motion "affirmatively undermined arguments [her] client wished the court to review" (*People v Vasquez*, 70 NY2d 1, 4 [1987]), "thereby depriving defendant of effective assistance of counsel" (*People v Lewis*, 286 AD2d 934, 935 [2001]). Thus, the matter must be remitted for a de novo determination on defendant's motion, for which he must be represented by new counsel (*see People v Santana*, 156 AD2d at 737).

The parties' remaining contentions have been rendered academic by our decision.

Stein, J.P., Garry and Egan Jr., JJ., concur. Ordered that the judgment is modified, on the law, by vacating the sentence imposed; matter remitted to the County Court of Ulster County for assignment of new counsel and a reconsideration of defendant's motion to withdraw his guilty plea; and, as so modified, affirmed.