(November 21, 2013)

█ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRISTOPHER ZAORSKI, Appellant. [976 NYS2d 581]—

Rose, J.P. Appeal from a judgment of the County Court of Ulster County (Williams, J.), rendered November 23, 2010, convicting defendant upon his plea of guilty of the crimes of burglary in the first degree and assault in the second degree.

Defendant pleaded guilty to burglary in the first degree and assault in the second degree in satisfaction of a five-count indictment with the understanding that he would be sentenced to an aggregate prison term of 15 years and five years of postrelease supervision. At sentencing, defendant sought to withdraw his plea based on, among other things, his claim that defense counsel coerced him into accepting it. After an extended colloquy with defendant and his counsel, County Court denied the motion and sentenced defendant pursuant to the agreement. Defendant now appeals.

We agree with defendant's contention that he should have been assigned new counsel to pursue his motion to withdraw the guilty plea because his counsel was essentially called as a witness against him. While defense counsel is not required to support a pro se motion to withdraw a guilty plea, counsel "may not take a position . . . that is adverse to the defendant" (*People v Mitchell*, 21 NY3d 964, 967 [2013]; *see People v McCray*, 106 AD3d 1374, 1375 [2013]). Doing so creates an actual conflict of interest that requires the trial court to assign a new attorney to represent the defendant on the motion (*see People v Mitchell*, 21 NY3d at 967).

Here, defendant claimed that defense counsel coerced him into entering the guilty plea by failing to communicate with him, telling him that he did not want to represent him and that he had to take the offer "or that's it." Defendant claimed that he was unprepared for any pretrial proceedings based on the lack of communication and felt that he had to take the plea to "get away" from counsel and avoid having to go to trial with

him. Defense counsel specifically refuted defendant's assertions and, in response to County Court's questioning, provided detailed information as to the discussions he had with defendant about the case and his options. In response, defendant claimed that counsel's statements were untruthful. Given that defense counsel took a position adverse to defendant's claim of coercion, County Court should have assigned new counsel to pursue defendant's motion to withdraw his plea (see People v Mitchell, 21 NY3d at 967; People v McCray, 106 AD3d at 1375; People v Williams, 35 AD3d 1085, 1087 [2006]; compare People v Pimentel, 108 AD3d 861, 863 [2013], lv denied 21 NY3d 1076 [2013]; People v Hutchinson, 57 AD3d 1013, 1015 [2008], lv denied 12 NY3d 817 [2009]). In light of our determination, defendant's remaining contentions are academic.

Lahtinen, Garry and Egan Jr. JJ., concur. Ordered that the judgment is modified, on the law, by vacating the sentence imposed; matter remitted to the County Court of Ulster County for assignment of new counsel and reconsideration of defendant's motion to withdraw his guilty plea; and, as so modified, affirmed.