Stein, J.
Appeal from a judgment of the County Court of Warren County (Hall Jr., J.), rendered August 20, 2008, convicting defendant upon his plea of guilty of the crime of criminal possession of a weapon in the second degree.
Defendant pleaded guilty to criminal possession of a weapon in the second degree in full satisfaction of a three-count indictment and waived his right to appeal. Frior to sentencing, defendant moved pro se to withdraw his plea, arguing that his plea was not voluntary due to inadequate legal representation. County Court denied defendant’s request and thereafter sentenced him, as agreed, to a prison term of 10 years to be followed by five years of postrelease supervision. Defendant appeals and we affirm.
*996 While issues involving the voluntariness of defendant’s plea survive his waiver of appeal (see People v Moses, 110 AD3d 1118 [2013]), the particular claim that defendant’s plea was the product of undue pressure from County Court is unpreserved due to his failure to advance this claim on his motion to withdraw the plea (see People v Seuffert, 104 AD3d 1021, 1022 [2013], lv denied 21 NY3d 1009 [2013]; People v Escalante, 16 AD3d 984, 985 [2005], lv denied 5 NY3d 788 [2005]), and the narrow exception to the preservation requirement is inapplicable (see People v Hare, 110 AD3d 1117, 1117 [2013]; People v Seuffert, 104 AD3d at 1022). In any event, were this claim properly before us we would find that defendant’s plea was in all respects voluntary. With regard to defendant’s claim of inadequate representation, which was preserved, the record reflects that counsel made appropriate pretrial motions, discussed the matter with defendant and negotiated an advantageous plea agreement on behalf of defendant. Accordingly, we conclude that defendant was afforded meaningful representation (see People v Carbone, 101 AD3d 1232, 1234 [2012]; People v Escalante, 16 AD3d at 985). As such, we find no error in County Court’s denial of defendant’s pro se motion to withdraw his plea (see People v Carbone, 101 AD3d at 1234; People v Mitchell, 73 AD3d 1346, 1347 [2010], lv denied 15 NY3d 922 [2010]).
Finally, inasmuch as counsel did not take a position that was adverse to defendant’s motion to withdraw his plea, we are not persuaded that defendant was improperly denied his right to counsel by County Court’s failure to assign new counsel to represent him in connection with such motion (see People v Pimentel, 108 AD3d 861, 862-863 [2013], lv denied 21 NY3d 1076 [2013]; compare People v Mitchell, 21 NY3d 964, 967 [2013]; People v Zaorski, 111 AD3d 1054 [2013]). We have considered defendant’s remaining contentions and find them to be lacking in merit.
Peters, EJ., Rose and Egan Jr., JJ., concur. Ordered that the judgment is affirmed.