People v Maldonado (2020 NY Slip Op 02953)





People v Maldonado


2020 NY Slip Op 02953


Decided on May 21, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 21, 2020

111700

[*1]The People of the State of New York, Respondent,
v
Noemi Maldonado, Also Known as Key, Appellant.

Calendar Date: March 26, 2020

Before: Garry, P.J., Clark, Aarons, Pritzker and Reynolds Fitzgerald, JJ.


Francisco Calderon, Albany, for appellant.
Letitia James, Attorney General, New York City (Dennis A. Rambaud of counsel), for respondent.



Clark, J.
Appeal from a judgment of the Supreme Court (Breslin, J.), rendered September 12, 2017 in Albany County, convicting defendant upon her plea of guilty of the crime of criminal sale of a controlled substance in the first degree.
In 2016, defendant and 20 other individuals were named in a 263-count indictment involving an alleged conspiracy to obtain and sell heroin and cocaine in counties throughout the state. In full satisfaction of the 12 counts against her, defendant pleaded guilty to criminal sale of a controlled substance in the first degree and waived her right to appeal. Defendant subsequently sought to withdraw her guilty plea, but Supreme Court ultimately sentenced defendant, a second felony offender, to the negotiated prison term of 15 years, followed by five years of postrelease supervision. Defendant appeals.
We agree with defendant that her assigned counsel took a position that was adverse to her interests during the course of her motion to withdraw her guilty plea and that therefore Supreme Court should have relieved her assigned counsel from his representation of her and ensured that defendant had alternate counsel on her withdrawal motion. "[A] defendant has a right to the effective assistance of counsel on his or her motion to withdraw a guilty plea" (People v Mitchell, 21 NY3d 964, 966 [2013]; see People v Oliver, 158 AD3d 990, 990-991 [2018]). "[D]efense counsel need not support a pro se motion to withdraw a plea"; however, defense "counsel may not become a witness against his or her client, make remarks that affirmatively undermine a defendant's arguments, or otherwise take a position that is adverse to the defendant" (People v Prater, 127 AD3d 1249, 1250 [2015] [internal quotation marks, ellipsis and citations omitted]; see People v Faulkner, 168 AD3d 1317, 1318-1319 [2019]). When defense counsel takes a position that is adverse to the defendant, a conflict of interest arises and the trial court is obligated to assign new counsel to represent the defendant on the motion to withdraw his or her plea (see People v Mitchell, 21 NY3d at 967; People v Tyler, 130 AD3d 1383, 1385 [2015]; People v McCray, 106 AD3d 1374, 1375 [2013]).
At the start of the scheduled sentencing date, Supreme Court was advised that defendant was not satisfied with her assigned counsel, that she planned to hire a new attorney with financial assistance from her family and that she wished to withdraw her guilty plea. Supreme Court thereafter engaged in a limited and pointed inquiry into the basis for defendant's pro se motion to withdraw her plea. Toward the end of that inquiry, defendant asked if she could "fire [her] attorney." Supreme Court responded that she had "an absolute right to fire [her] attorney[, but that she did not] have an absolute right to withdraw [her] plea." Defendant replied, "Okay, so can I fire my attorney and come in here with a proper attorney to consider the situation?" Following a discussion regarding the length of defendant's requested adjournment, Supreme Court agreed to adjourn the proceeding to allow defendant the opportunity to obtain a new attorney, who could then "file whatever paperwork [is] need[ed]." During the colloquy, Supreme Court never expressly ruled on defendant's pro se motion to withdraw her plea, and we find no basis upon which to conclude that the court implicitly denied the motion. Rather, the record reflects that Supreme Court left the withdrawal motion open for determination following defendant's retention of a new attorney and the potential filing of supplemental motion papers.
After Supreme Court agreed to adjourn sentencing, without having decided defendant's pro se motion, defense counsel requested that he be permitted to put "a couple [of] things on the record." Upon receiving the court's permission, defense counsel proceeded to make several detrimental statements that were adverse and prejudicial to defendant. At this point, a conflict of interest arose between defendant and defense counsel, and Supreme Court was obligated to relieve defense counsel of his representation of defendant (see People v Mitchell, 21 NY3d at 967; People v Oliver, 158 AD3d at 991). Supreme Court, however, did not acknowledge that a conflict of interest had arisen or inform defendant that she was entitled to the assignment of new counsel, should she opt to avail herself of that option.
When defendant subsequently appeared in Supreme Court for sentencing, she was accompanied by her original assigned counsel.[FN1] Once again, Supreme Court did not raise or address the conflict of interest that had previously arisen between defendant and defense counsel, assign new counsel or advise defendant that she was entitled to the assignment of new counsel. Defense counsel requested that defendant be granted an additional adjournment, citing defendant's recent and ongoing health issues and stating that defendant had retained a certain named attorney, but that "[t]he funds just [had not] reached him yet." Without having afforded defendant an opportunity to confer with new counsel regarding her motion to withdraw her plea or having ruled on that motion, Supreme Court denied the adjournment request and proceeded to sentencing. By failing to relieve defense counsel of his representation of defendant once the conflict of interest arose and to either assign new counsel or permit defendant a sufficient opportunity to retain alternate counsel to represent her, Supreme Court deprived defendant of her right to the effective assistance of counsel in connection with her motion to withdraw her plea (see People v McCray, 106 AD3d at 1375). Accordingly, we vacate defendant's sentence and remit the matter to Supreme Court for defendant to receive new counsel and for further proceedings not inconsistent with this decision (see People v Russ, 118 AD3d 1039, 1040 [2014]; People v McCray, 106 AD3d at 1375). Given our determination, we need not address defendant's remaining contentions.
Aarons and Pritzker, JJ., concur.
Garry, P.J. (dissenting).
Although we acknowledge and agree with the majority that defense counsel's final remarks to Supreme Court were adverse and prejudicial to defendant, we find the timing of those remarks to be critically significant. Thus, we respectfully dissent. Prior to offering his prejudicial remarks, counsel had conducted himself properly; the comments he offered at the outset of the proceeding were limited to describing his attempts to meet with defendant, advising the court of her wishes and concerns, and then very briefly addressing a factual inquiry from the court. Thus, counsel's initial statements did not "stray[] beyond a factual explanation of his efforts on his client's behalf," and he did not then take an adverse position (People v Washington, 25 NY3d 1091, 1095 [2015]; see People v Ramos, 179 AD3d 1395, 1397 [2020]; People v Tyler, 130 AD3d 1383, 1385 [2015]). At the very end of the proceeding, however, in his final — unprompted and wholly unnecessary — remarks, counsel defended the advice that he had offered to defendant relative to the charges and offered his view of the limited likelihood of success in defeating one of the charges. He then went on to describe a potential threat that defendant had made against him; he claimed that he personally did not perceive it as a threat, but that others had.
Significantly, defense counsel offered these adverse remarks only after Supreme Court had implicitly denied defendant's motion to withdraw her plea. Contrary to the majority determination, we do not find from this record that the court deferred decision on defendant's motion to withdraw her plea when granting her request for an adjournment. After defendant told the court that she intended to hire new counsel whose fee would be paid by her family, the court stated, "Fine, I'll give you two weeks to get a lawyer, and he can file whatever paperwork he needs. If that doesn't happen, we move forward with sentencing two weeks from today" (emphasis added).[FN2] By advising defendant that she would be sentenced if her anticipated new counsel did not make a new filing, the court denied her pro se motion, without prejudice to any new application that her new counsel might make.[FN3] Accordingly, counsel's inappropriate remarks were not made prior to Supreme Court's determination. As the court had fully explored the basis for defendant's motion to withdraw her plea without any potentially improper influence arising from the later remarks by counsel, it was not necessary to appoint alternate counsel (see People v Forshey, 294 AD2d 868, 868-869 [2002], lv denied 98 NY2d 675 [2002]; People v Zirpola, 237 AD2d 967, 967-968 [1997], lv denied 90 NY2d 899 [1997]; People v Maragh, 208 AD2d 563, 563-564 [1994], lv denied 84 NY2d 1013 [1994]; see also People v Wilder, 246 AD2d 750, 751 [1998], lv denied 91 NY2d 1014 [1998]). Therefore, we would not modify the judgment on this ground but, rather, would proceed to reach the merits of defendant's remaining arguments.
Reynolds Fitzgerald, J., concurs.
ORDERED that the judgment is modified, on the law, by vacating the sentence imposed; matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.



Footnotes

Footnote 1: The lack of discussion concerning defendant's pro se motion at later appearances supports her assertion that she received ineffective assistance of counsel rather than the conclusion that Supreme Court implicitly denied the motion.

Footnote 2: Defendant did not ultimately appear for sentencing two weeks later but, rather, roughly seven weeks later; she was unable to attend on an interim date due to medical issues.

Footnote 3: The fact that the motion to withdraw the plea was not even glancingly mentioned again by anyone involved at either of the two subsequent appearance dates lends further support to the finding that all parties understood that it had, in fact, been denied.