People v Thaxton (2021 NY Slip Op 01159)





People v Thaxton


2021 NY Slip Op 01159


Decided on February 25, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 25, 2021

110513

[*1]The People of the State of New York, Respondent,
v
Karim Thaxton, Appellant.

Calendar Date: January 7, 2021

Before: Garry, P.J., Egan Jr., Lynch, Clark and Reynolds Fitzgerald, JJ.


Stephen J. Carney, Schenectady, for appellant.
J. Anthony Jordan, District Attorney, Fort Edward (Taylor Fitzsimmons of counsel), for respondent.



Reynolds Fitzgerald, J.
Appeal from a judgment of the County Court of Washington County (McKeighan, J.), rendered June 8, 2018, convicting defendant upon his plea of guilty of the crime of criminal sale of a controlled substance in the third degree.
Pursuant to a negotiated plea agreement, defendant pleaded guilty to criminal sale of a controlled substance in the third degree and agreed to waive his right to appeal. At sentencing, defendant moved pro se to withdraw his guilty plea, alleging, among other things, that his plea was not knowingly, voluntarily and intelligently entered allegedly because an omnibus motion was filed without his input, he was not present for any hearings and he was informed that, in the event that he wanted to view certain discovery, the plea offer would be withdrawn. Defense counsel, in response to County Court's inquiry, stated that, although he notarized the affidavit in the motion to withdraw the plea, he did "not prescribe to any of the language contained within the affidavit [and did] not necessarily even agree with the affidavit." The court, after providing defendant and the People an opportunity to be heard, reviewed the plea colloquy and denied the pro se motion. The court then sentenced defendant, as a second felony offender, in accordance with the terms of the plea agreement, to 10 years in prison followed by three years of postrelease supervision. Defendant appeals.
Initially, we are unpersuaded by defendant's contention that the waiver of the right to appeal is invalid. Prior to accepting the plea offer, defendant was informed that a waiver of the right to appeal was a condition of the plea agreement. The record reflects that, during the plea colloquy, County Court advised defendant that the right to appeal was separate and distinct from the rights automatically forfeited by his guilty plea, which defendant indicated he understood (see People v Lopez, 6 NY3d 248, 256 [2006]; People v Purnell, 186 AD3d 1834, 1834 [2020], lv denied 36 NY3d 975 [2020]). Defendant also executed a comprehensive written waiver of appeal after reviewing it with counsel and assuring the court that he understood it and had no questions (see People v Burnett, 186 AD3d 1837, 1838 [2020], lvs denied 36 NY3d 969, 970 [2020]). Notwithstanding the fact that defendant gave brief responses to the court's inquiries, we are satisfied that the record reflects that he understood the nature and consequences of the appeal waiver and knowingly, voluntarily and intelligently waived the right to appeal (see People v Thomas, 34 NY3d 545, 558-563 [2019]; People v Lopez, 6 NY3d at 256; People v Williams, 185 AD3d 1359, 1360 [2020]). Given the valid appeal waiver, defendant's challenge to the harshness of the agreed-upon sentence is foreclosed (see People v Purnell, 186 AD3d at 1835).
We also find without merit defendant's contention that his motion to withdraw his plea was undermined when defense counsel expressed a position adverse to defendant's interest and, [*2]as such, County Court erred by not assigning him new counsel to represent him on the motion. "It is well settled that a defendant has a right to the effective assistance of counsel on his or her motion to withdraw a guilty plea" (People v Mitchell, 21 NY3d 964, 966 [2013] [citations omitted]; accord People v Faulkner, 168 AD3d 1317, 1318 [2019]). "While defense counsel need not support a pro se motion to withdraw a plea, counsel may not become a witness against his or her client, make remarks that affirmatively undermine a defendant's arguments, or otherwise take a position that is adverse to the defendant" (People v Oliver, 158 AD3d 990, 991 [2018] [internal quotation marks and citations omitted]; see People v Maldonado, 183 AD3d 1129, 1129-1130 [2020]). "[C]ounsel takes a position adverse to his [or her] client when stating that the defendant's motion lacks merit, or that the defendant, who is challenging the voluntariness of his [or her] guilty plea, made a knowing plea that was in his [or her] best interest" (People v Washington, 25 NY3d 1091, 1095 [2015] [internal quotation marks, ellipsis, brackets and citations omitted]), at which point a conflict of interest arises and new counsel must be assigned on the motion (see People v Mitchell, 21 NY3d at 966; People v Maldonado, 183 AD3d at 1130).
Here, defense counsel, in response to an inquiry by County Court as to whether the motion was being made solely by defendant, stated that he had notarized the affidavit but that he did "not necessarily even agree with the affidavit." We are unpersuaded that counsel's statement, which made no further elaboration as to the legal basis or merits of the motion, affirmatively undermined defendant's assertions or amounted to an adverse position against defendant so as to create an actual conflict (see People v Washington, 25 NY3d at 1095; compare People v McCray, 106 AD3d 1374, 1375 [2013]). As such, we find no error in County Court failing to assign new counsel on the motion (see People v Washington, 25 NY3d at 1095; People v Leeper, 298 AD2d 190, 190 [2002], lv denied 99 NY2d 560 [2002]; compare People v Maldonado, 183 AD3d at 1129-1130; People v Faulkner, 168 AD3d at 1318-1319; People v Tyler, 130 AD3d 1383, 1385 [2015]; People v McCray, 106 AD3d at 1374-1375).
Garry, P.J., Egan Jr., Lynch and Clark, JJ., concur.
ORDERED that the judgment is affirmed.