People v Phillip (2021 NY Slip Op 06721)





People v Phillip


2021 NY Slip Op 06721


Decided on December 2, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:December 2, 2021

109661 112148
[*1]The People of the State of New York, Respondent,
v
Adrian Phillip, Also Known as Ad, Appellant.

Calendar Date:October 14, 2021

Before:Garry, P.J., Egan Jr., Aarons, Reynolds Fitzgerald and Colangelo, JJ.

Jane M. Bloom, Monticello, for appellant.
Meagan K. Galligan, District Attorney, Monticello (Kristin L. Hackett of counsel), for respondent.



Garry, P.J.
Appeals (1) from a judgment of the Supreme Court (Schick, J.), rendered June 26, 2017 in Sullivan County, convicting defendant upon his plea of guilty of the crimes of conspiracy in the second degree and criminal possession of a controlled substance in the first degree, and (2) by permission, from an order of said court, entered March 2, 2020 in Sullivan County, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction, without a hearing.
Pursuant to a negotiated plea agreement, defendant pleaded guilty to one count of conspiracy in the second degree and one count of criminal possession of a controlled substance in the first degree. Prior to sentencing, defendant moved, pro se, to withdraw his plea. Defense counsel did not adopt this motion and informed Supreme Court that he did not feel that he had a legal or factual basis for doing so, and the court denied the motion. In June 2017, the court sentenced defendant to a prison term of 12 years to be followed by five years of postrelease supervision for his drug possession conviction, together with a lesser concurrent term for his conspiracy conviction. In November 2019, defendant moved, pro se, to vacate the judgment of conviction due to, among other things, the alleged ineffective assistance of counsel. The court denied defendant's motion without a hearing. Defendant appeals from the judgment of conviction and, with this Court's permission, from the order denying his CPL article 440 motion.
Initially, defendant's argument that his plea was involuntary because he was not informed of his possible sentencing exposure is unpreserved, as "defendant did not raise it in his motion to withdraw his guilty plea" (People v Williams, 189 AD3d 1978, 1980 [2020]; see People v Borden, 91 AD3d 1124, 1126 [2012], lv denied 19 NY3d 862 [2012]). The argument that his plea was coerced by the connected pleas of other codefendants, including his sister, is similarly unpreserved. Although a defendant's statements at sentencing may trigger the narrow exception to the preservation requirement (see People v Gresham, 151 AD3d 1175, 1178 [2017]), here, defendant's bare assertion that the connected pleas forced him to plead guilty did not raise a "legitimate question about the voluntariness of defendant's plea" (People v Farnsworth, 140 AD3d 1538, 1540 [2016]; see People v Walker, 173 AD3d 1561, 1562 [2019]). A plea agreement is not coercive "simply because it affords a benefit to a loved one, as long as the plea itself is knowingly, voluntarily and intelligently made" (People v Etkin, 284 AD2d 579, 580 [2001], lv denied 96 NY2d 862 [2001]), and "the inclusion of a third-party benefit in a plea bargain is simply one factor for a trial court to weigh in making the overall determination whether the plea is voluntarily entered" (People v Fiumefreddo, 82 NY2d 536, 545 [1993] [internal quotation marks, brackets and citation omitted]). In this case, Supreme Court conducted "a detailed [*2]plea colloquy wherein defendant admitted his guilt, repeatedly verified that he was not being coerced or threatened into pleading guilty[ and] acknowledged that he was pleading guilty of his own free will" (People v Walker, 173 AD3d at 1562).
Defendant received the statutory minimum prison sentence of 12 years on one conviction, concurrent to a lesser sentence, followed by five years of postrelease supervision. This was a highly favorable agreement given the considerable evidence of guilt and the fact that he was charged with five felonies, each carrying a potential maximum prison sentence of either 12 or 24 years. The advantageous nature of the agreement undercuts defendant's contention that his plea was coerced, and we do not find that Supreme Court abused its discretion in declining to conduct a further evidentiary hearing following defendant's statement at sentencing (see People v Fiumefreddo, 82 NY2d at 547-548).
Defendant contends, and the People concede, that defense counsel improperly took a position adverse to defendant's motion to withdraw his plea. "[A] defendant has a right to the effective assistance of counsel on his or her motion to withdraw a guilty plea" (People v Mitchell, 21 NY3d 964, 966 [2013]; accord People v Faulkner, 168 AD3d 1317, 1318 [2019]). "If counsel takes a position that is adverse to his or her client, a conflict of interest arises and the trial court must assign new counsel to represent the defendant on the motion" (People v Faulkner, 168 AD3d at 1319 [citations omitted]; see People v Thaxton, 191 AD3d 1166, 1167-1168 [2021], lv denied 37 NY3d 960 [2021]). "[C]ounsel takes a position adverse to his [or her] client when stating that the defendant's motion lacks merit" (People v Washington, 25 NY3d 1091, 1095 [2015]; see People v McCray, 106 AD3d 1374, 1375 [2013]). Here, before the motion was decided, defense counsel stated on the record that he did not believe there was a factual or legal basis for defendant's motion. At that point, Supreme Court should have assigned a new attorney to represent defendant on the motion to withdraw the plea (see People v Oliver, 158 AD3d 990, 991 [2018]; People v Prater, 127 AD3d 1249, 1250 [2015]; People v McCray, 106 AD3d at 1375). Accordingly, we vacate the sentence and remit for Supreme Court to make such an assignment and reconsider defendant's motion.
Next, defendant contends that Supreme Court erred in denying his CPL article 440 motion without a hearing on the ground of ineffective assistance of counsel. "To establish a claim of ineffective assistance of counsel, a defendant is required to demonstrate that he or she was not provided meaningful representation and that there is an absence of strategic or other legitimate explanations for counsel's allegedly deficient conduct" (People v Porter, 184 AD3d 1014, 1018 [2020] [internal quotation marks and citations omitted], lv denied 35 NY3d 1069 [2020]; see People v Bowen, 185 AD3d 1219, 1221 [2020]). "In the context [*3]of a guilty plea, a defendant has been afforded meaningful representation when he or she receives an advantageous plea and nothing in the record casts doubt upon the apparent effectiveness of counsel" (People v Pace, 192 AD3d 1274, 1275 [2021] [internal quotation marks and citations omitted], lv denied 37 NY3d 973 [2021]; accord People v LaPierre, 195 AD3d 1301, 1306 [2021]).
Defendant contended in his motion that he was denied the effective assistance of counsel as his attorney failed to inform Supreme Court that the People had not turned over all Brady materials. It appears from defendant's submissions that the investigation against him involved the FBI working in concert with the State Police, and the People allegedly failed to provide FBI materials in response to defense counsel's Brady request. However, it is possible that the failure to pursue the materials was a legitimate strategic choice, as that effort may have extended litigation past the point at which the People were willing to offer the plea agreement. Thus, defendant has not demonstrated that defense counsel's failure to pursue these Brady materials was ineffective assistance, particularly in light of the highly advantageous plea agreement that was secured (see CPL 440.30 [4] [b]; People v Griffin, 165 AD3d 1316, 1318 [2018]; People v Macduff, 83 AD3d 1292, 1293 [2011]). Defendant's further arguments relative to ineffective assistance of counsel are without merit.
Defendant has abandoned his arguments related to other grounds raised in his CPL 440.10 motion, as he has not addressed them in his brief (see People v Bethune, 80 AD3d 1075, 1076 n 1 [2011], lv denied 17 NY3d 792 [2011]; People v Hoffler, 74 AD3d 1632, 1633 n 2 [2010], lv denied 17 NY3d 859 [2011]).
Egan Jr., Aarons, Reynolds Fitzgerald and Colangelo, JJ., concur.
ORDERED the judgment is modified, on the law, by vacating the sentence imposed; matter remitted to the Supreme Court for the assignment of new counsel and reconsideration of defendant's motion to withdraw his plea; and, as so modified, affirmed.
ORDERED that the order is affirmed.