People v Jones (2023 NY Slip Op 00697)

People v Jones

2023 NY Slip Op 00697

Decided on February 9, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:February 9, 2023

112311
[*1]The People of the State of New York, Respondent,
v
Izell Jones, Appellant.

Calendar Date:January 11, 2023

Before:Clark, J.P., Pritzker, Reynolds Fitzgerald, Ceresia and McShan, JJ.

Todd G. Monahan, Schenectady, for appellant.
Elizabeth M. Crawford, District Attorney, Malone (Jennifer M. Hollis of counsel), for respondent.

McShan, J.
Appeal from a judgment of the County Court of Franklin County (Derek P. Champagne, J.), rendered January 24, 2020, convicting defendant upon his plea of guilty of the crime of attempted promoting prison contraband in the first degree.
Defendant, an incarcerated individual, was charged by indictment with promoting prison contraband in the first degree and assault in the second degree. In satisfaction thereof, defendant pleaded guilty to attempted promoting prison contraband in the first degree with the understanding that he would be sentenced, as a second felony offender, to a prison term of 1½ to 3 years to be served consecutively to the prison term he was then serving. The plea agreement also required defendant to waive his right to appeal. At sentencing, defendant made a pro se motion to withdraw his plea, asserting that he received ineffective assistance of counsel and seeking new counsel. County Court denied the motion without a hearing and imposed the agreed-upon sentence. Defendant appeals.
We affirm. Defendant contends that, in the context of his pro se motion to withdraw his plea, counsel took a position adverse to his interests and County Court erred in failing to appoint new counsel to pursue the motion. "It is well settled that a defendant has a right to the effective assistance of counsel on his or her motion to withdraw a guilty plea" (People v Mitchell, 21 NY3d 964, 966 [2013] [citations omitted]; see People v Phillip, 200 AD3d 1108, 1109 [3d Dept 2021]). "While defense counsel need not support a pro se motion to withdraw a plea, counsel may not become a witness against his or her client, make remarks that affirmatively undermine a defendant's arguments, or otherwise take a position that is adverse to the defendant" (People v Oliver, 158 AD3d 990, 991 [3d Dept 2018] [internal quotation marks and citations omitted]; see People v Thaxton, 191 AD3d 1166, 1167 [3d Dept 2021], lv denied 37 NY3d 960 [2021]).
Defendant argues that counsel's recommendation, after informing County Court of defendant's pro se motion to dismiss the plea based upon the ineffective assistance of counsel, that the court proceed with sentencing pursuant to the terms of the plea agreement, amounted to taking an adverse position to defendant's interests. The record reflects, however, that counsel made that recommendation after the court advised him that defendant's motion was denied and asked counsel whether he had any remarks he wished to make concerning sentencing. In our view, counsel's statement regarding sentencing in response to the court's inquiry did not "affirmatively undermine[ ] defendant's assertions or amount[ ] to an adverse position against defendant so as to create an actual conflict" (People v Thaxton, 191 AD3d at 1168; see People v Tyler, 130 AD3d 1383, 1385 [3d Dept 2015]). Although the court subsequently gave defendant an opportunity to support his motion before again denying it, our review of the record reveals no instance where counsel took [*2]an adverse position to defendant's interests. Accordingly, the court was under no obligation to assign substitute counsel prior to deciding the motion (see People v Thaxton, 191 AD3d at 1168; People v Tyler, 130 AD3d at 1385; People v Morgan, 114 AD3d 995, 996 [3d Dept 2014], lv denied 23 NY3d 1040 [2014]).
Clark, J.P., Pritzker, Reynolds Fitzgerald and Ceresia, JJ., concur.
ORDERED that the judgment is affirmed.