People v Brown (2023 NY Slip Op 00698)

People v Brown

2023 NY Slip Op 00698

Decided on February 9, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:February 9, 2023

112360
[*1]The People of the State of New York, Respondent,
v
Quintin Brown, Also Known as Demarco, Appellant.

Calendar Date:January 17, 2023

Before:Garry, P.J., Clark, Aarons, Reynolds Fitzgerald and McShan, JJ.

Tina K. Sodhi, Alternate Public Defender, Albany (Steven M. Sharp of counsel), for appellant, and appellant pro se.
P. David Soares, District Attorney, Albany (Jonathan P. Catania of counsel), for respondent.

Aarons, J.
Appeal from a judgment of the Supreme Court (Thomas A. Breslin, J.), rendered February 27, 2020 in Albany County, convicting defendant upon his plea of guilty of the crime of burglary in the first degree.
Defendant was charged in an indictment with several crimes, including attempted murder in the first degree, attempted murder in the second degree, burglary in the first degree and criminal possession of a weapon in the second degree. The charges stemmed from defendant entering an occupied residence with a loaded firearm and discharging the weapon several times. In satisfaction of the indictment, defendant pleaded guilty to burglary in the first degree, with the understanding that he would be sentenced to a prison term of no less than 15 years and no greater than 19 years and purportedly waived the right to appeal. Prior to sentencing, defendant and defense counsel requested that counsel be relieved, and defendant moved to withdraw the plea. The Conflict Defender was assigned to represent defendant and, at sentencing, defendant withdrew the motion to withdraw the plea and affirmed that he wanted to go ahead with sentencing under the plea. Supreme Court thereafter sentenced defendant to 18½ years in prison, to be followed by five years of postrelease supervision. Defendant appeals.
Initially, the People concede, and our review of the record confirms, that defendant did not validly waive the right to appeal (see People v Lopez, 6 NY3d 248, 256 [2006]). Therefore, the challenge to the severity of the sentence is properly before us (see People v McKoy, 175 AD3d 1616, 1617 [3d Dept 2019], lv denied 34 NY3d 1018 [2019]). Nevertheless, in view of the violent nature of the crime and that the sentence was within the range agreed to as part of defendant's negotiated plea agreement, we discern no basis upon which to disturb the sentence as unduly harsh or severe and we decline defendant's invitation to reduce it in the interest of justice (see CPL 470.15 [6] [b]; People v Blackmon, 207 AD3d 962, 962-963 [3d Dept 2022]). Defendant also argues that, by being asked for and providing a cell phone number prior to the administration of Miranda warnings, his response and all other statements made by him following the Miranda warnings should have been suppressed as part of an improperly elicited continuous interrogation. Inasmuch, however, as defendant failed to raise these specific arguments at the suppression hearing, the issue is unpreserved for our review (see People v Weaver, 167 AD3d 1238, 1240 [3d Dept 2018], lv denied 33 NY3d 955 [2019]; People v Rumrill, 40 AD3d 1273, 1274 [3d Dept 2007], lv denied 9 NY3d 926 [2007]).
Turning to the issues raised in defendant's supplemental pro se brief, his challenge to the voluntariness of his plea is unpreserved for our review "given that he withdrew his motion to withdraw his guilty plea at sentencing and failed to move to vacate the judgment of conviction" (People v Smith, 155 AD3d 1244, 1245 [3d Dept 2017] [internal [*2]quotation marks and citation omitted]; see People v Cantey, 161 AD3d 1449, 1450 [3d Dept 2018], lv denied 32 NY3d 935 [2018]). Further, defendant did not make any statements during the plea colloquy or at sentencing that negated an element of the crime or the voluntariness of his plea so as to trigger the narrow exception to the preservation requirement (see People v Clark, 209 AD3d 1063, 1064 [3d Dept 2022]; People v Sims, 207 AD3d 882, 884 [3d Dept 2022]). To the extent that defendant's ineffective assistance of counsel claim impacts on the voluntariness of the plea, this claim is similarly unpreserved for our review (see People v Stevens, 204 AD3d 1160, 1161 [3d Dept 2022], lv denied 38 NY3d 1153 [2022]; People v Jackson, 203 AD3d 1388, 1389 [3d Dept 2022], lv denied 38 NY3d 1134 [2022]). In any event, defendant's claims regarding counsel's failure to investigate his case and fully advise him involve matters outside of the record and are more appropriately the subject of a CPL article 440 motion (see People v Hawkins, 207 AD3d 814, 816 [3d Dept 2022]).
Garry, P.J., Clark, Reynolds Fitzgerald and McShan, JJ., concur.
ORDERED that the judgment is affirmed.