People v Ubrich (2025 NY Slip Op 02824)

People v Ubrich

2025 NY Slip Op 02824

Decided on May 8, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:May 8, 2025

CR-23-0908
[*1]The People of the State of New York, Respondent,
v
Jahaad G. Ubrich, Appellant.

Calendar Date:January 8, 2025

Before:Clark, J.P., Aarons, Reynolds Fitzgerald, Fisher and McShan, JJ.

Angela Kelley, East Greenbush, for appellant.
Robert M. Carney, District Attorney, Schenectady (Peter H. Willis of counsel), for respondent.

Aarons, J.
Appeal from a judgment of the County Court of Schenectady County (Mark Caruso, J.), rendered December 16, 2022, convicting defendant upon his plea of guilty of the crime of criminal possession of a weapon in the third degree.
In satisfaction of a superior court information, defendant pleaded guilty to criminal possession of a weapon in the third degree and agreed to waive his right to appeal, with the understanding that he would be sentenced, as a second felony offender, to a prison term of 2½ to 5 years. Defendant was given Parker warnings and released on bail, but he failed to report for the presentence investigation and failed to appear at his scheduled May 2022 sentencing. A bench warrant was issued for defendant's arrest and, once in custody, defendant appeared before County Court in July 2022. Defendant was then remanded and, while in jail, sent several letters to the court expressing his lack of trust in his assigned counsel — the Public Defender — based upon his prior experience with assigned counsel in other cases and assigned counsel's failure to advocate for defendant in this case. In each of these letters, defendant requested substitute counsel. Defendant also indicated he wished to withdraw his plea, claiming, among other things, that assigned counsel pressured him into pleading guilty. At the next court appearance in October 2022, County Court confirmed that defendant wished to make an application to withdraw his plea based upon assigned counsel's alleged ineffectiveness and thereafter enlisted the Conflict Defender to "investigate this matter for you and decide whether or not an application should be made to vacate your plea."
More letters to County Court from defendant followed, reasserting his claims of assigned counsel's ineffectiveness and levying new claims at the Conflict Defender, requesting that the court assign new counsel to assist him. At sentencing, the Conflict Defender declined to file an application to withdraw defendant's plea, and assigned counsel immediately resumed defendant's representation. Finding that defendant had violated certain of its Parker warnings, the court sentenced him, as a second felony offender, to an enhanced sentence of 3 to 6 years in prison. Defendant appeals.
Initially, the People concede, and we agree, that defendant's appeal waiver is not valid. The executed written waiver form is overly broad, and County Court's oral colloquy was insufficient to establish that defendant knowingly, voluntarily and intelligently waived his right to appellate review (see People v Thomas, 34 NY3d 545, 565-566 [2019]; People v Graham, 230 AD3d 1476, 1477 [3d Dept 2024]; People v Appiah, 218 AD3d 1060, 1061 [3d Dept 2023], revd on other grounds 41 NY3d 949 [2024]).
Defendant contends that the Conflict Defender rendered ineffective assistance of counsel due to a conflict of interest. "It is well settled that a defendant has a right to the effective assistance of counsel on his or her motion to withdraw a guilty [*2]plea" (People v Mitchell, 21 NY3d 964, 966 [2013] [citations omitted]). "Although defense counsel need not support a pro se motion to withdraw a plea, counsel may not become a witness against his or her client, make remarks that affirmatively undermine a defendant's arguments, or otherwise take a position that is adverse to the defendant" (People v Faulkner, 168 AD3d 1317, 1318-1319 [3d Dept 2019] [internal quotation marks and citations omitted]; see People v Maldonado, 183 AD3d 1129, 1129-1130 [3d Dept 2020]).[FN1] A conflict of interest arises when counsel takes a position adverse to the defendant, at which point the court must assign a new attorney to represent the defendant on the motion (see People v Mitchell, 21 NY3d at 967; People v Maldonado, 183 AD3d at 1130).
Such a conflict arose here. At sentencing, the Conflict Defender explained that she had "numerous phone conversations" with defendant about the grounds for his motion — namely, that assigned counsel's communication of the People's plea offer amounted to coercion; that defendant's learning disability had prevented him from comprehending the consequences of his plea; and that the Conflict Defender was herself conflicted out of representing defendant.[FN2] Based on her conversations with defendant, the Conflict Defender stated to County Court, "I don't believe there is anything that warranted [defendant] withdrawing a plea, so I didn't file a motion" (compare People v Phillip, 200 AD3d 1108, 1110 [3d Dept 2021]). "While apparently inadvertent, counsel's remark . . . affirmatively undermined arguments her client wished the court to review, thereby depriving defendant of effective assistance of counsel" (People v McCray, 106 AD3d 1374, 1375 [3d Dept 2013] [internal quotation marks, brackets and citations omitted]; see People v Oliver, 158 AD3d 990, 991 [3d Dept 2018]), and the court should have relieved the Conflict Defender and assigned new counsel to represent defendant on the motion (see People v Mitchell, 21 NY3d at 967; People v Maldonado, 183 AD3d at 1130-1131).
We also agree with defendant that the allegations of assigned counsel's ineffectiveness were sufficiently serious and factually specific to trigger County Court's duty to consider his request for substitute counsel (see People v Porto, 16 NY3d 93, 100 [2010]). An indigent defendant's right to court-appointed representation "does not encompass a right to appointment of successive lawyers at defendant's option" (People v Sides, 75 NY2d 822, 824 [1990]). "Rather, a defendant may be entitled to new counsel only upon showing good cause for a substitution, such as a conflict of interest or other irreconcilable conflict with counsel" (People v Fredericks, ___ NY3d ___, ___, 2025 NY Slip Op 01011, *6 [2025] [internal quotation marks and citations omitted]).
In addition to alleging that assigned counsel coerced him into pleading guilty, defendant's letters to County Court asserted that assigned counsel failed to visit him in jail or discuss [*3]his case with him; dodged his phone calls on specific dates; sent other attorneys to represent defendant who did not seem to be knowledgeable about the case; intended to oppose any motion defendant made to substitute counsel; and told defendant that his only other options for representation were to hire private counsel or represent himself. Further, defendant indicated that assigned counsel misadvised defendant about his sentencing exposure in a prior case, resulting in an appeal from that conviction on the ground of assigned counsel's ineffectiveness. Defendant also alleged that assigned counsel was not relaying information or following his instructions in representing him in a separate, contemporaneous criminal action against him. Reading defendant's allegations of ineffectiveness in the context of defendant's purported history with assigned counsel, defendant's complaints set out a plausible claim that the trust and communication between him and assigned counsel had broken down irretrievably (see id. at ___, 2025 NY Slip Op 01011, *8; People v Sides, 75 NY2d at 825). Faced with these complaints, the court was required to "make at least a minimal inquiry, and discern meritorious complaints from disingenuous applications by inquiring as to the nature of the disagreement or its potential for resolution" (People v Porto, 16 NY3d at 100 [internal quotation marks and citation omitted]). The court made no such inquiry before assigned counsel resumed representing defendant at sentencing. That failure, on this record, requires us to vacate defendant's sentence and remit for appropriate consideration of defendant's request for substitute counsel (see People v Sides, 75 NY2d at 825).
We reject the People's contention that the Conflict Defender's temporary assignment satisfied the minimal-inquiry requirement. Setting aside that a court cannot delegate core judicial functions like assessing the merits of a pro se request for substitute counsel (cf. Matter Clegg v Rounds, 222 AD3d 112, 122 [3d Dept 2023]), the Conflict Defender's statement to County Court addressed only defendant's argument that his plea was involuntary. She did not provide the court with any information relevant to defendant's complaints about assigned counsel's performance. Indeed, the court's instructions concerning the Conflict Defender's temporary appointment did not encompass defendant's arguments for substitute counsel in the first place.
We also do not share our dissenting colleague's view that the Conflict Defender's comments indicated a shift in defendant's position. After defendant met with the Conflict Defender, he sent a letter to County Court in November 2022 claiming that the Conflict Defender was showing "all the signs of her not wanting to go against [assigned counsel] because she used to work with him," and requesting to represent himself at sentencing or to be assigned different counsel on the motion. Then, a week before sentencing, defendant was still asserting his concerns [*4]about the Conflict Defender, alleging that assigned counsel "confirm[ed]" that he and the Conflict Defender "work[ed] in the same building." Defendant also wrote that, even though his mother corroborated his learning disability diagnosis, the Conflict Defender "failed to proceed with the facts that [were] given to her" by making a motion. After the Conflict Defender contradicted defendant's claim that she was conflicted out of representing him and indicated she would not file the motion, the court asked assigned counsel whether defendant wanted to be heard on "that particular issue." Defendant responded only that the Conflict Defender had mischaracterized his allegation that she previously worked "with" — not for — assigned counsel. The court did not give defendant "an opportunity to state the basis for his application" for substitute counsel (People v Bryan, 31 AD3d 295, 296 [1st Dept 2006]), nor did it ask defendant if he was willing to proceed with sentencing represented by assigned counsel despite the issues raised in his letters (compare People v Trombley, 91 AD3d 1197, 1202 [3d Dept 2012], lv denied 21 NY3d 914 [2013]). All of these points cut against finding that defendant had abandoned the issues in his letters sometime between meeting with the Conflict Defender and sentencing.
In light of the foregoing, we must vacate defendant's sentence — not the conviction or plea — and remit the matter for assignment of new counsel on defendant's application to withdraw his plea and for County Court to make the necessary inquiry to determine whether to relieve assigned counsel — the Public Defender — and appoint substitute counsel (see People v Sides, 75 NY2d at 825; People v Maldonado, 183 AD3d at 1131; People v Faulker, 168 AD3d at 1319). Defendant's remaining arguments, to the extent they are before us, are academic.
Reynolds Fitzgerald, Fisher and McShan, JJ., concur.
Clark, J.P. (dissenting).
I agree with the majority's finding that the written appeal waiver is invalid and that County Court's brief oral colloquy was insufficient to cure the defect. However, based on my review of the record on appeal, I do not believe that the Conflict Defender undermined defendant's arguments aimed at withdrawing his plea or that County Court failed to conduct a proper inquiry regarding defendant's disagreement with his assigned counsel. As such, I respectfully dissent.
It is well settled that "defense counsel need not support a pro se motion to withdraw a plea, [so long as] counsel [does] not become a witness against his or her client, make remarks that affirmatively undermine a defendant's arguments, or otherwise take a position that is adverse to the defendant" (People v Faulkner, 168 AD3d 1317, 1319 [3d Dept 2019] [internal quotation marks and citations omitted]). Where counsel "take[s] a position on the motion that is adverse to the defendant[,] . . . a conflict of interest arises, and the court must assign a new attorney to represent the defendant on [*5]the motion" (People v Mitchell, 21 NY3d 964, 967 [2013]).
During his plea colloquy, defendant asserted that he was satisfied with his assigned counsel's representation, and County Court advised him that failure to cooperate with the probation department's preparation of a presentence report or to appear at sentencing could result in him receiving an enhanced sentence. Defendant failed to cooperate with probation and did not appear at his original sentencing hearing scheduled for May 2022, resulting in the issuance of a bench warrant for his arrest. Defendant was arrested on new, unrelated charges in July 2022, and, due to the outstanding warrant, he was also detained in connection with the instant action. While incarcerated, defendant began writing letters asserting that he wished to withdraw his guilty plea due to the alleged ineffective assistance of assigned counsel.[FN3] In an October 2022 court appearance, County Court acknowledged receipt of defendant's various pro se letters. Recognizing that defendant's allegations may create a conflict of interest for his assigned counsel, the court took the proper corrective action by appointing the Conflict Defender's office for the limited purpose of advising defendant and, if appropriate, assisting him with filing a motion (see id. at 967; see e.g. People v Zaorski, 111 AD3d 1054, 1055 [3d Dept 2013]; People v Dashnaw, 260 AD2d 658, 660 [3d Dept 1999], lv denied 93 NY2d 968 [1999]). In December 2022, at the next scheduled court appearance, County Court noted that no motion had been filed on defendant's behalf and asked the Conflict Defender for an explanation. The Conflict Defender stated that, following "numerous phone conversations" with defendant and "reviewing all three issues" that he raised in his letters, she did not believe that any factual grounds existed on which a motion to withdraw could be premised. The court then asked defendant if he "want[ed] to be heard." In response, defendant provided a brief clarification [FN4] and then stated, "[t]hat is all I got to say." The court immediately relieved the Conflict Defender, and defendant proceeded to sentencing and participated without issue, represented by assigned counsel.
Here, the Conflict Defender's explanation and County Court's inquiry reflect an inartful, less-than-perfect approach to the situation, but not one which created a conflict or requires reversal. Whether to inquire of counsel about a defendant's pro se arguments or whether to consider the same are matters left to the sound discretion of the trial court (see People v Rodriguez, 95 NY2d 497, 502 [2000]). Under the NY Constitution and the Sixth Amendment to the US Constitution, a defendant has a constitutional right to counsel or to self-representation, but "choos[ing] one obviously means to forego the other," such that "a defendant who chooses to defend through counsel cannot, as of right, make [pro se] motions" (People v Rodriguez, 95 NY2d at 501 [internal quotation marks and citation [*6]omitted]). Upon being presented with defendant's pro se letters, County Court properly exercised its discretion by appointing the Conflict Defender's office for the limited purpose of representing defendant in connection with the allegations raised therein (see People v Mitchell, 21 NY3d at 967). The Conflict Defender, in turn, had to determine whether to adopt defendant's arguments, present her own arguments or decline to file a motion (see e.g. People v Kendricks, 226 AD3d 1150, 1154 [3d Dept 2024], lv denied 41 NY3d 1003 [2024]). Indeed, "[r]egardless of the nature of the allegations contained in a pro se motion [or letters], defense counsel has no duty to support a motion that he or she determined to be without merit[, and] a lack of such support does not constitute a position adverse to the client" (People v Hutchinson, 57 AD3d 1013, 1015 [3d Dept 2008] [internal quotation marks, brackets and citations omitted], lv denied 12 NY3d 817 [2009]; see People v McCray, 106 AD3d 1374, 1375 [3d Dept 2013]; see also Rules of Prof Conduct [22 NYCRR 1200.0] rule 3.1 [a], [b] [3]).
In my view, the explanation that the Conflict Defender provided on the record during the December 2022 appearance did not undermine or contradict defendant's arguments. Rather, when read in context, her statements indicated a shift in defendant's position. Indeed, when County Court directly addressed defendant to inquire about his position, defendant did not contradict the Conflict Defender's statements, and he did not otherwise make a request for an adjournment or for new counsel (see People v Hutchinson, 57 AD3d at 1015; see also People v Sidibe, 196 AD3d 429, 430 [1st Dept 2021], lv denied 37 NY3d 1029 [2021]; compare People v Maldonado, 183 AD3d 1129, 1131 [3d Dept 2020]; People v Oliver, 158 AD3d 990, 991 [3d Dept 2018]; People v McCray, 106 AD3d at 1375). Based on the statements made by defendant and the Conflict Defender, I would find that defendant had abandoned the arguments presented in his earlier pro se letters by the December 2022 appearance (see e.g. People v Kendricks, 226 AD3d at 1154; People v Trombley, 91 AD3d 1197, 1202 [3d Dept 2012], lv denied 21 NY3d 914 [2013]).[FN5]
As the record does not reflect that defendant made a proper motion to withdraw his plea, his appellate challenges to the voluntariness of his plea and the ineffective assistance of assigned counsel are unpreserved for our review and do not fall within the narrow exception to the preservation rule (see CPL 220.60 [3]; People v Graham, 230 AD3d 1476, 1477 [3d Dept 2024]; People v Mehalick, 226 AD3d 1263, 1264 [3d Dept 2024], lv denied 42 NY3d 928 [2024]; People v Brown, 213 AD3d 1035, 1037 [3d Dept 2023], lv denied 39 NY3d 1153 [3d Dept 2023]; People v Drake, 179 AD3d 1221, 1222 [3d Dept 2020], lv denied 35 NY3d 941 [2020]). To the extent that defendant asserts, among other claims, that his assigned counsel and/or the Conflict Defender failed to adequately meet and communicate with him, investigate [*7]potential defenses, conduct discovery or discuss strategy, such claims implicate matters outside of the record that are more properly the subject of a CPL article 440 motion (see People v Loya, 215 AD3d 1181, 1183 [3d Dept 2023], lv denied 40 NY3d 929 [2023]; People v Brown, 213 AD3d at 1037; People v Jones, 184 AD3d 901, 902 [3d Dept 2020], lv denied 35 NY3d 1113 [2020]). Finally, although defendant's challenge to the severity of the imposed sentence is not precluded by the invalid appeal waiver, given that defendant was advised of both the consequences of failing to appear and the maximum statutory sentence that he could receive, I would find that the enhanced prison sentence of 3 to 6 years was not unduly harsh or severe and would therefore decline to disturb it (see People v James, 231 AD3d 1435, 1436 [3d Dept 2024], lv denied 42 NY3d 1080 [2025]; People v Sanchez, 194 AD3d 1199, 1201 [3d Dept 2021]). To the extent not specifically addressed herein, I have also examined defendant's remaining contentions and would find them to lack merit.
For the foregoing reasons, I would affirm the judgment of conviction.
ORDERED that the judgment is modified, on the law, by vacating the sentence imposed; matter remitted to the County Court of Schenectady County for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.

Footnotes

Footnote 1: Nothing here states or implies that an attorney appointed to assist a defendant in making a motion must file a frivolous motion, in contravention of the Rules of Professional Conduct (see Rules of Prof Conduct [22 NYCRR 1200.0] rule 3.1 [a], [b]).

Footnote 2: Defendant initially told County Court that he was unaware of any barrier to the Conflict Defender's representation, but he reversed course in letters sent to the court in December 2022. In those letters, defendant alleged that the Conflict Defender had worked with assigned counsel in the past and that, consequently, he did not trust her.

Footnote 3: Defendant's letters referred to the instant criminal action, to the July 2022 criminal charges, to a 2019 criminal action and to several other proceedings dating back over a decade, with grievances flowing freely between such actions and proceedings.

Footnote 4: In defendant's letters, he asserted that the Conflict Defender had a conflict of interest because she had worked "with" his assigned counsel, the head of the Public Defender's office, "back when she was a public defender." The Conflict Defender and County Court appear to have understood defendant's assertion as implying that the Conflict Defender had worked for assigned counsel when she was a public defender, and the Conflict Defender disavowed such claim. Defendant explained that he had never written that "she worked for" assigned counsel but, rather, that he only "stated that she worked in the same building."

Footnote 5: County Court could also have exercised its discretion to consider defendant's earlier letters as a pro se motion (see e.g. People v Drake, 224 AD3d 1138, 1140 [3d Dept 2024]), but it was not required to do so (see People v Rodriguez, 95 NY2d at 501-502).