People v Cuttino (2025 NY Slip Op 04201)

People v Cuttino

2025 NY Slip Op 04201

Decided on July 17, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:July 17, 2025

113307
[*1]The People of the State of New York, Respondent,
v
Curtis G. Cuttino, Appellant.

Calendar Date:June 20, 2025

Before:Egan Jr., J.P., Aarons, Ceresia, McShan and Powers, JJ.

Allen E. Stone Jr., Vestal, for appellant.
Kirk O. Martin, District Attorney, Owego (Torrance L. Schmitz of counsel), for respondent.

Appeals (1) from a judgment of the County Court of Tioga County (Gerald Keene, J.), rendered December 20, 2021, convicting defendant upon his plea of guilty of the crimes of murder in the second degree and criminal possession of a weapon in the second degree, and (2) from a judgment of said court, rendered December 20, 2021, convicting defendant upon his plea of guilty of the crime of assault in the second degree.
Defendant and a codefendant were charged by indictment with several crimes, including murder in the second degree, burglary in the first degree and criminal possession of a weapon in the second degree, stemming from their participation in a home invasion. While in jail following his arrest on these charges, defendant was charged in a superior court information with assault in the second degree stemming from an altercation with another incarcerated individual. Pursuant to a plea agreement, defendant pleaded guilty to murder in the second degree and criminal possession of a weapon in the second degree in satisfaction of the charges brought under the indictment, and he pleaded guilty as charged in the superior court information. Under the agreement, defendant purportedly waived the right to appeal and agreed to cooperate with the People regarding the investigation and prosecution of his indicted crimes and other criminal investigations. In return for his cooperation, it was agreed that defendant would be sentenced to 23 years to life on the murder in the second degree conviction, and to lesser concurrent sentences on the remaining convictions. At sentencing, the People informed County Court that the promised sentence in the plea agreement for the murder in the second degree conviction had been reduced to 21 years to life, with no changes to the other sentences. County Court thereafter sentenced defendant to a prison term of 21 years to life on the murder in the second degree conviction, and to lesser concurrent sentences on the remaining convictions. Defendant appeals.
We affirm. Initially, the People concede, and our review of the record confirms, that defendant's waiver of the right to appeal is invalid. The record reflects that County Court did not engage in any oral colloquy regarding the appeal waiver or its ramifications and, although defendant executed a written waiver of appeal, County Court did not ask defendant if he had read the waiver, understood its ramifications or had been allowed sufficient time to review the waiver with counsel (see People v Little, 230 AD3d 1432, 1432 [3d Dept 2024]).Therefore, his challenge to the severity of his sentence is not precluded (see People v Wimberly, 228 AD3d 1177, 1178 [3d Dept 2024], lv denied 42 NY3d 1022 [2024]; People v McGill, 207 AD3d 996, 997 [3d Dept 2022], lv denied 39 NY3d 987 [2022]). Nevertheless, considering defendant's extensive criminal history and the violent nature of his current offenses, we do not find the imposition of the agreed-upon sentence to be unduly harsh or severe [*2](see CPL 470.15 [6] [b]; People v Brown, 213 AD3d 1035, 1036 [3d Dept 2023], lv denied 39 NY3d 1153 [2023]).
Egan Jr., J.P., Aarons, Ceresia, McShan and Powers, JJ., concur.
ORDERED that the judgments are affirmed.